Root v. Sturdivant.

Root v. Sturdivant.

1. **Assault and Battery**: ACTION FOR DAMAGES: EVIDENCE: PLEA OF GUILTY: EXPLANATION. In an action for damages for an assault and battery, the record of a justice of the peace, showing that defendant had pleaded guilty in a criminal prosecution for the same offense, was competent to prove his admission, but evidence offered by him of explanatory remarks made by him when he pleaded guilty was incompetent to modify the effect of the admission.

2. ———: ———: ———: PUBLICITY.   In such a case it is proper to allow plaintiff, in aggravation of the offense, to prove that the indignity was committed under such circumstances that it soon became known to many persons.

3. ———: MEASURE.OF DAMAGES: EXEMPLARY DAMAGES.   The measure of damages for an assault and battery is such sum as will compensate the plaintiff for the physical and mental pain which he has suffered in consequence of the assault, and for the insult and indignity to which he has been subjected, and for the shame and humiliation which he has suffered, and a further sum as vindictive or punitory damages, if the assault was malicious.   (Compare *Hendrickson v. Kingsbury*, 21 Iowa, 379, and *Ward v. Ward*, 41 Id., 686.)

4. **Exemplary Damages:** THEORY OF: DISCRETION OF JURY.   Exemplary or vindictive damages are awarded by way of punishment for a wrongful act maliciously committed, and for the purpose of restraining wrong-doers from a repetition of like wrongs, and the amount which should be awarded for these purposes is left very largely to the sound discretion of the jury.

· *Appeal from Appanoose District Court.*

WEDNESDAY, OCTOBER 27.

ACTION for an alleged malicious assault and battery. There was a verdict and judgment for plaintiff. Defendant appeals.

*George D. Porter*, for appellant.

*Tannehill & Fee*, for appellee.

REED, J.—I. Defendant was prosecuted criminally for the assault and battery charged in the petition. He pleaded

I. ASSAULT and battery: action for damages: evidence: plea of guilty: explanation.

guilty, and judgment imposing a fine was entered against him. On the trial of this cause in the district court plaintiff offered in evidence the records of defendant's plea in the criminal case. Defendant objected to the introduction of the record on the ground of irrelevancy and incompetency; and on the cross-examination of the justice of the peace, who was sworn for the purpose of identifying the record, he sought to prove an

Root v. Sturdivant.

explanatory statement made by him when he entered the plea. His objection to the record was overruled, and on plaintiff's objection the evidence of said statement was excluded. We think these rulings are correct. Defendant's plea of guilty was an admission by him that he had committed the assault and battery charged in the information. That such admission was admissible against him on the trial of this cause cannot be doubted. The entry in the docket of the justice was the judicial record of the plea made at the time it was entered, and was competent evidence to prove the plea. Defendant was not entitled to prove his statement with reference to the transaction made when he entered his plea. The plea was an unqualified admission that he was guilty of the offense charged. No accompanying statement or explanation could change its character in this respect. If there were any circumstances of mitigation in the transaction, his statement at that time, with reference to them, would no more be competent than his statement at other times would have been. The case in this respect does not fall within the rule prescribed by section 3650 of the Code, which provides that "when part of an act, declaration, conversation, or writing is given in evidence by one party, the whole of the same subject may be inquired into by the other." The statement in question was no part of the plea of guilty, and was clearly not admissible as explanatory of it.

II. The transaction in question took place in the lower hall of the court-house. Plaintiff was permitted, against defendant's objection, to prove that the circuit court was in session at the time, in the court-room, which is in the second story of the building, and that a great number of people from different parts of the county were in the court-room. The parties were entitled to prove all the circumstances surrounding and attending the transaction. The assault was not committed in the immediate presence of the court, and it does not appear that either the court, or the people in the court-room, were disturbed by it.

2. ——: ——: ——:publicity.

The fact, however, that it was committed in a public place, and under such circumstances that the officers of the court and the people in the room would soon hear of the transaction, tended to aggravate the offense. An insult or indignity which is suffered in the presence of others is more humiliating than the same wrong would be if perpetrated in private. If it is perpetrated under such circumstances that it must soon become known to many, it may not be as degrading as it would have been if perpetrated in their immediate presence; but it is certainly more so than a like offense committed under circumstances of greater privacy would be. The evidence was properly admitted.

III. The district court instructed the jury, in effect, that if they found for plaintiff they should award him such sum as compensatory damages as they believed, from the evidence, would be a just compensation to him for the physical and mental pain he had suffered in consequence of the assault, and for the insult and indignity he had been subjected to, and the shame and humiliation he had suffered; and that, if the assault was maliciously committed, they might, in addition to the compensatory damages, award a sum as vindictive or punitory damages. And the instructions told the jury that damages of the latter class were awarded by way of punishment for the wrongful act committed, and for the purpose of restraining wrong-doers from a repetition of like wrongs; and that the amount which should be awarded for those purposes was left very largely to their sound discretion. Counsel for appellant takes exception to these instructions. It seems to us, however, that his argument is in the nature of a criticism of the language of the charge, rather than an attempt to refute the real doctrine expressed in it. It may be that the district court used a redundancy of words to express the thoughts intended to be expressed; but, when fairly considered, the instructions expressed no more than is stated above as their effect. The

*[margin notes: 3. ——: measure of damages: exemplary damages. 4. EXEMPLARY damages: theory of: discretion of jury.]*

doctrines embodied in them were approved by this court in *Hendrickson v. Kingsbury*, 21 Iowa, 379, and *Ward v. Ward*, 41 Id., 686.

AFFIRMED.