# Abney, *et al. v.* Mize.

## *Damages for An Assault and Battery.*

(Decided April 9, 1908.  46 South. 230.)

1. *Assault and Battery; Civil Liability; Action; Pleading.*—To pleas of justification and self defense, setting forth the ingredients thereof, plaintiff replied that defendant committed the assault and battery to a greater extent and with more force than was reasonably necessary for the purposes in the pleas mentioned. Held, such replication is good as an answer to the plea, and not subject to demurrer, but was a general traverse of the allegation of the pleas that no more force was used than necessary.

2. *Same; Trial; Instruction.*—An instruction that if plaintiff provoked and brought on the difficulty he cannot recover punitive damages, is erroneous.

3. *Same.*—A charge asserting that if plaintiff provoked or brought on the difficulty and if it would not have occurred but for the wrongful conduct of plaintiff, then he cannot recover, is erroneous.

4. *Same.*—A charge setting up the ingredients of self defense and hypothesizing a finding against the plaintiff upon the facts stated, but which fails to be hypothesized upon the failure of defendant to use no more force than was necessary for self protection, is erroneous and properly refused.

5. *Same.*—A charge asserting that if one of the defendants to the action aided, abetted or encouraged the other defendant in entering into or continuing an unlawful assault on plaintiff, that then he

[Abney, et al. v. Mize.]

would be responsible for whatever such other defendant did in the furtherance of such assault, though he may not have explicitly encouraged, aided or abetted any one particular act of such other defendant, is a proper statement of the law.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON. .

Action for assault and battery by C. C. Mize against Benjamin D. Abney and another. From a judgment for plaintiff, defendant appeal. Affirmed.

The defendants interposed several special pleas; 2, 3, 4, and 5 being pleas of justification and pleas of self-defense, setting forth the ingredients thereof. To these pleas the plaintiff replied as follows: "The defendants committed the assault and battery in said complaint mentioned to a greater extent and degree and with more force than was reasonably necessary for the purpose in the pleas mentioned." To this replication defendants filed the following demurrers: "(1) The replication is but the averment of a conclusion. (2) It is not averred that the force employed by defendants was greater than was reasonably necessary. (3) It is not averred that the force employed by defendants was greater than reasonably appeared to them at the time to be necessary."

The evidence for plaintiffs tended to show that the difficulty began in a cornfield, about 20 or 30 steps from the road where plaintiff was gathering corn, and that defendants came up the road, one riding and the other walking, when some words were had about plaintiff getting out of the cornfield, and some epithets were used on either side; that Dee Abney came into the field and motioned as if to throw something, when the plaintiff threw a rock at Dee Abney, but missed him; and plaintiff then went out into the road, when Dee Abney threw a rock at him and broke plaintiff's arm. Ben

[Abney, et al. v. Mize.]

Abney then got down off his horse, untied his pistol, and came inside the field, and told plaintiff's son to throw down his rock and hold up his hands. The evidence for defendants tended to show an assault by plaintiff, with self-defense on the part of defendants.

The following charges were refused to defendant: "(1) If plaintiff provoked and brought on the difficulty, he cannot recover punitive damages. (2) If plaintiff provoked or brought on the difficulty, and it would not have occurred but for this wrongful conduct of the plaintiff, then he cannot recover. * * * (4) If the plaintiff provoked the difficulty, and if at the time Dee Abney assaulted plaintiff the circumstances were such as to create and did create in Dee Abney's mind the reasonable and bona fide belief that plaintiff was about to do him grievous bodily injury, and the further reasonable and bona fide belief that he could not flee without increasing his danger, then there can be no recovery by the plaintiff."

The following charge was given at the instance of the plaintiff: "(A) The court charges the jury that if Ben Abney aided, abetted, or encouraged Dee Abney in entering into or continuing an unlawful assault on plainttiff, then he would be responsible for whatever Dee Abney did in the furtherance of such assault, notwithstanding that he may not have explicitly encouraged, aided, or abetted any one particular act of defendant Dee Abney."

STREET & ISBELL, for appellant. The court erred in overruling the demurrer to plaintiff's replication to defendant's pleas.—*Rogers v. The State,* 62 Ala. 170; *Stovall v. The State* 116 Ala. 454; *Kirby v. The State,* 89 Ala. 65. Counsel discuss other assignments of error but without citation of authority.

JOHN A. LUSK, for appellee. Replications were sufficient.—2 Chitty's Pleading, (16th Ed.) 698. Charges requested by defendant were properly refused.—*Mitchell v. Gamble,* 140 Ala. 316; 141 Ala. 506. Self defense must be specially pleaded.—93 Ala. 316; 71 Ala. 48; 69 Ala. 494; 29 Ala. 635. This was a case for punitive damages.—1 Sutherland on Damages, 95; 2 Ib. sec. 393.

ANDERSON, J.—The plaintiff's replication to the special pleas was a good answer thereto, and not subject to the demurrers. Moreover, it was but a general traverse as to pleas 4 and 5, as each of said pleas aver that no more force was used than was necessary, and the replication was but a denial of this averment.

Charges 1 and 2, refused the defendants, are so manifestly bad that a discussoin of them is unnecessary.

Charge 4, requested by the defendants, was properly refused. If not otherwise bad, it invades the province of the jury, and instructs a finding for the defendants, although more force may have been used than was necessary for self-protection. All of the elements of self-defense set up in the charge may have existed, yet it was for the jury to determine if the force used was excessive.

Charge A, given for the plaintiff, asserts the law.

The judgment of the circuit court is affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.