# Irby *v.* Wilde.

*Damages for Assault and Battery.*

(Decided April 16, 1908. 46 South. 454.)

1. *Assault and Battery; Evidence.*—Proof of the statements made by defendant to a third person as to what he did to plaintiff on the day of the difficulty is admissible, not only as a declaration against interest, but as tending to show the animus of defendant towards the plaintiff.

2. *Same.*—The judgment of conviction of defendant in a criminal case for the same assault and battery charged in the civil action is not admissible in justification or in mitigation of the exemplary damages which the jury may award.

Appeal from Barbour Circuit Court.

Heard before Hon. A. A. Evans.

[Irby v. Wilde.]

Action by George H. Wilde against L. E. Irby for damages for assault and battery. From a judgment for plaintiff, defendant appeals. Affirmed.

See 150 Ala. 412, 43 South. 574.

The testimony objected to, and made the basis of the first assignment of error, was that of E. L. Davis, who was permitted to testify as to statements by the defendant as to what he did to the plaintiff on the day of the difficulty.

MERRILL & SONS, and PEACH & THOMAS, for appellant. The court erred in admitting testimony as to statements made by defendant several days subsequent to the difficulty.—*Breitan-bath v. Trowbridge*, 8 Am. St. Rep. 834. The court should have permitted the evidence of the former conviction and fine of defendant in mitigation of any punitive damages in the civil suit.—*Thomason v. Gray*, 82 Ala. ; *Phillips v. Kelly*, 29 Ala. 628; *Smithwick v. Ward*, 75 Am. Dec. 453; *Shook v. Peters*, 59 Tex. 293; *Rhodes v. Rogers*, 151 Pa. St. 634; *Porter v. Seilor*, 62 Am. Dec. 341; *Fay v. Parker*, 16 Am. Dec. 270. Punitive damages are not imposed as a compensation to plaintiff but as a punishment to the defendant.—*Mobile Furn. Comm. Co. v. Little*, 108 Ala. 299. Where defendant is on trial for criminal offense evidence may be given as to damages assessed in a civil cause growing out of the same transaction.— *State v. Autrey*, 1 Stew. 299.

G. L. COMER, for appellee. The court did not err in refusing the charges requested for appellant.—*Mitchell v. Gambrill*, 140 Ala. 316. The court did not err in admitting the testimony of the witness Davis as to statements by appellant subsequent to the difficulty. The court did not err in refusing to permit it to be shown

[Irby v. Wilde.]

that appellant had been convicted on a criminal charge growing out of the same transaction for which this action was brought.—*Phillips v. Kelly,* 29 Ala. 628.

TYSON, C. J.—Two exceptions were reserved upon the trial to the rulings of the court upon the admission and exclusion of evidence, and constitute the only masters of error insisted on. The first of these excepaions is based upon the action of the court in admitting a certain declaration of the defendant to a third person with respect to his conduct on the occasion of the difficulty out of which arose the cause of action sued upon. This statement was clearly admissible as a declaration by a party against his interest, and, furthermore, as indicative of his animus towards the plaintiff on the occasion of the difficulty. There was no error in admitting it.

The remaining exception is predicated upon the refusal of the court to permit defendant to introduce in evidence the judgment of conviction of him in a criminal prosecution for the assault and battery growing out of the same difficulty which is the foundation for the recovery in this case. It is conceded that the judgment was not admissible for the purpose of defeating a recovery; but it is insisted that it should have been admitted in mitigation of the exemplary damages which the jury were authorized to award. This identical question arose and was decided in the case of *Phillips v. Kelly,* 29 Ala. 628. In that case the record of the defendant's conviction was offered in evidence precisely in the same way as was done in this case. In that case the record of conviction was offered generally, and after objection to it was sustained it was then offered, as here, for the purpose of showing, in mitigation of damages, the fine imposed for the criminal offense, to which

offer an objection was again sustained. This court held that "the defendant has no right to prove that he had been indicted, convicted, and fined for the same assault and battery." This holding is in accord with the great weight of authority, as will be seen by reference to the cases collated in 4 Century Dig. "Assault and Battery," p. 938, § 49, and note to section 386, p. 545, of Sedgwick on Damages. See, also, 3 Cyc. p. 1098, and cases in note 9.

The judgment is affirmed.

DOWDELL, SIMPSON, and ANDERSON, JJ., concur.

