# Byrd *v.* Beall.

## *Assumpsit.*

(Decided June 8, 1909. 50 South. 53.)

1. *Charge of Court; Directing Verdict.*—Where, under the evidence, it was a question for the jury whether or not defendant was liable to the plaintiff the court properly declined a charge which was in effect to direct the verdict for the defendant.

2. *Sales; Action; Instruction.*—A charge asserting that there was evidence that the lumber shipped did not come up to the warranty and to the specifications called for in order, and if there were rejects and culls reported to a certain person, the defendant was not bound by such reports, was confusing and misleading.

3. *Evidence; Private Writings; Accounts.*—An account is entitled to admission in evidence where it is shown to be a correct transcript from the books of plaintiff and there is other evidence that it had been presented to defendant before suit and admitted to be correct, and that the identical account offered in evidence was the one admitted by defendant to be correct.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

[Byrd v. Beall.]

Action by W. W. Beall against R. E. Byrd. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts are sufficiently stated in the opinion. The following charges were refused to the defendant: (4) "The court charges the jury that there is no evidence in this case that the lumber shipped did not come up to the warranty and to specifications called for in the order, and, if there were rejects and culls reported to Beall, the defendant is not bound by such reports." (1) "The court charges the jury in this case that if they believe the evidence they cannot find for the plaintiff for the items of the account introduced in evidence in this suit, growing out of the culls and rejects as shown by the account.

W. O. Mulky, for appellant.—For former report of this case see 47 South. 749. The court erred in admitting the account in evidence.—*Rice v. Schloss,* 90 Ala. 410; 1 Ency of Evidence, pp. 9 and 160. The burden is upon the plaintiff to prove the item of the account, and also to prove that the defendant owes it.—*Walker v. Driver,* 7 Ala. 683; *Rice v. Schloss, supra; Sullivan v. Brushall,* 111 Ala. 118; see also 1 Cyc. 395.

C. D. CARMICHAEL, for appellee.—Counsel discuss the errors assigned and concludes that the issues were properly submitted to the jury, and therefore, the charges were properly refused. Counsel further insist that the account was admissible not only as an account but as an admission by the defendant.—101 Ala. 34; 74 Ala. 64; 47 Ala. 20; 1 Ala. 585; 16 Cyc. 941.

MAYFIELD, J.—This is an action of assumpsit by appellee against appellant. The complaint contained four counts; the first, second, and third being common counts, and the fourth claiming damages for breach of

special contract. While it appears that special pleas were filed to the complaint, yet the judgment entry shows that the trial was had upon the general issues, with leave to give in evidence any matter which might support a special plea. The trial resulted in a verdict and judgment for the plaintiff for the sum of $245, from which judgment the defendant appeals, here assigning as error the refusal of the court to give two written charges requested by the defendant, numbered 1 and 4, respectively, and the overruling of his objection to the introduction in evidence of the statement of account offered by the plaintiff on the trial.

Charge No. 1 was properly refused, for the all-sufficient reason that it was in effect the affirmative charge for the defendant as to the items of the account introduced in evidence by the plaintiff. Under the evidence in this case it was clearly a question for the jury whether or not the defendant was liable to the plaintiff for the items shown by the account introduced in evidence and against which the charge was intended; and, of course, the court, under this state of facts, properly declined to take the question from the jury.—*Beall Bros. v. Johnstone,* 140 Ala. 339, 37 South. 297.

Unquestionably this account was admissible in evidence, and the account was competent and legal evidence. The plaintiff testified that the defendant owed him when the suit was commenced, and, producing the account in question against the defendant, testified that it was drawn from his books and was an exact copy of his books; that he himself made the original entry from which account was drawn; that at an arbitration, before the suit was brought, this account, the basis of the present suit, was used; that at that time the defendant admitted that it was correct; and that the identical account offered in evidence was the one there used. This was certainly sufficient proof for the admission of the

account as evidence. It is true that the defendant denied that he admitted the correctness of this account on arbitration, and also denied that he received a copy of the statement of the account, and there may be evidence that the identical account offered on the trial was not used on the arbitration and was not the one admitted by the defendant to be correct, if such admission were made; but the truth of these disputed matters was properly left as a question for the jury.

The other charge requested by the defendant, and refused by the court, and as to which error is assigned, was properly refused. It was not a proper charge, when applied to the evidence as shown by this record, and for the further reason alone that it was, at best, confusing and misleading, could have been properly refused.—*Birmingham Ry. Co. v. Wildman*, 119 Ala. 24 South. 548; *L. & N. R. R. Co. v. Brinkerhoff*, 119 Ala. 606, 24 South. 892. The mere fact that the account is shown to be a correct transcript from the books of the plaintiff, though kept by him, without more, would not authorize the introduction of the account in evidence; but that, coupled with the evidence of the plaintiff that the account had been presented to the defendant before suit brought, and that the defendant had admitted that it was correct, and with the fact that the identical account offered in evidence was the one admitted by the defendant to be correct, made the account admissible in evidence. There was, therefore, no error in the court's overruling the objection of the defendant to the introduction of the account in evidence.—*Rice v. Schloss,* 90 Ala. 416, 7 South. 802; *Joseph v. Foundry Co.,* 99 Ala. 47, 10 South. 327; *Kilpatrick v. Henson,* 81 Ala. 464, 1 South. 188; *Ware v. Manning,* 86 Ala. 238, 5 South. 682.

The account being admissible in evidence, and there being evidence of the admission of the correctness of the same by the defendant, the weight and sufficiency of

such evidence were clearly questions for the jury. While the evidence was not conclusive—while it was open to show that the items composing said account had no foundation in fact, or were incorrect, or that the defendant had no knowledge of their correctness at the time he is alleged to have admitted the correctness of the same—yet the evidence of plaintiff and of the account was properly submitted to the jury. There was also sufficient evidence as to the consideration, as well as to the correctness of the account, to be submitted to the jury; and the jury having determined the question, and decided it in favor of the plaintiff, and there appearing to be no error of the trial court in the admission of such evidence, or in the submitting of the same to the jury, the cause must be affirmed.

Affirmed.

SIMPSON, ANDERSON, and DENSON, JJ., concur.