# Ritter *v.* Griswold.

### *Assault and Battery.*

(Decided Nov. 14, 1911. Rehearing denied Dec. 14, 1911. 56 South. 860.)

1. *Jury; Trial; Demand For.*—Under Acts 1888-9, p. 992, establishing the city court of Birmingham, a defendant who appears and answers without demanding a jury trial, is not entitled to a jury trial on a subsequent demand therefor.

2. *Evidence; Res Gestae.*—Where the action was for asault and battery, the fact that after regaining consciousness after the assault,

[Ritter v. Griswold.]

the assaulted party asked what happened, is admissible as part of the res gestae.

3. *Same; Admissions; Judicial Procedure.*—It is competent in a civil action for assault and battery to show that the defendant, in a criminal procedure, for the same assault, pleaded guilty or paid a fine under such plea, as an admission or declaration against interest.

4. *Assault and Battery; Evidence.*—Evidence of a previous derogatory remark made by the plaintiff concerning defendant was not admissible, as such a remark would not justify the assault.

5. *Same.*—In a civil action for assault and battery it was not proper to permit a question on cross examination of the defendant as to whether he put in any plea of guilty when he was arrested on a charge growing out of this assault, as the question was not confined to an inquiry of the same offense involved in the civil proceedings.

APPEAL from Birmingham City Court.

Heard before Hon C. C. NESMITH.

Action by Dave M. Griswold against Claude D. Ritter, for damages for assault and battery. Judgment for the plaintiff and the defendant appeals. Reversed and remanded.

GASTON & PETTUS, and C. D. RITTER, for appellant. Counsel discuss demand for jury, but without citation of authority. They also discuss assignments of error relative to evidence, but without citation of authority. They insist that under the evidence, plaintiff was not entitled to recover, and that this court ought to reverse and remand or render. In support of this contention they cite.—*Sloss-S. S. & I. Co. v. Dickinson,* 52 South. 594; *Irby v. Wilde,* 150 Ala. 402; 3 Cyc. 1068; Ib. 1108.

J. L. DRENNAN, and J. S. KENNEDY, for appellee. The demand for a jury came too late, as it was not filed until after appearance and answer. It is competent to show that plaintiff asked what happened immediately after regaining consciousness.—*Nelson v. The State,* 130 Ala. 46. The court properly disallowed evidence of the plaintiff's derogatory remarks concerning the defend-

ant.—*Terry v. Eastland*, 1 Stew. 156; 2 Mayf. 210. It was competent to show that the defendant had pleaded guilty to the criminal charge involving the same assault and battery.—3 Cyc. 1099, and authorities there cited; 1 Enc. of Evi. p. 997, and authorities there cited. The court will not reverse the court's finding on the facts, unless there is a palpable failure of the evidence to support the verdict.—*L. & N. v. Solomon*, 127 Ala. 189; *Gill v. Dailey*, 105 Ala. 323.

PELHAM, J.—The appellee brought suit in the court below against appellant on a claim for damages growing out of an assault and battery, alleged to have been committed on the plaintiff by the defendant, and the trial was had before the court without a jury, and resulted in a judgment in favor of the plaintiff. The complaint, filed December 1, 1908, was in the Code form; the defendant's name being stated as Claude B. Ritter. On December 23, 1908, and within the 30 days allowed for pleading under the act regulating pleading in the city court of Birmingham (act approved February 28, 1889 [Acts 1888-89, p. 995, § 5]), the defendant filed a plea of misnomer, setting up that his true name was not Claude B., but Claude D., Ritter. No demand for a jury was indorsed on this plea, and the record shows no ruling on the plea; but more than a year afterwards, on, to wit, the 19th day of May, 1910, the plaintiff filed an amendment to his complaint, stating the name of the defendant to be Claude D. Ritter, as averred by defendant to be his true name in the plea of misnomer previously filed. The only minute entry shown by the record allowing an amendment to the complaint is as follows: "On this, the 15th day of February, 1910, this cause being reached on the docket and called for trial, came the parties by their attorneys, and the plaintiff,

by leave of the court first had and obtained, amends his complaint herein as appears by a separate paper writing this day filed"—and refers to an amendment filed February 15, 1910. No amendment of that date appears in the record, but the record does show a plea of the general issue, filed by the defendant on February 15, 1910, upon which no indorsement appears to have been made, demanding a trial by jury. The first demand made by defendant for a jury trial, so far as is shown by the record, was indorsed on the general and special pleas filed by him May 19, 1910, after previously having filed a plea of the general issue on February 15, 1910.

The minute entry of May 19, 1910, recites: "It appearing to the court that in this case a jury has been waived as by the statute in such cases made and provided, the court proceeds to hear and determine this cause." No objection is shown to have been made by the defendant to the court's order or proceeding to try the case without a jury, nor was there any other insistence shown to have been made for a trial by jury, other than that made to appear by the indorsement on the pleas filed May 19, 1910.

The right to a trial by jury in such a case is a personal privilege, and, the statute providing the means by which defendant may avail himself of this privilege not having been complied with, he was not entitled to have the case tried by a jury. Act approved February 28, 1889, § 9; *Knight et al. v. Farrell & Reynolds,* 113 Ala. 259, 20 South. 974; *Ex parte Ansley,* 107 Ala. 613, 18 South. 242.

The statement by the witness Ward, to the effect that immediately upon regaining consciousness after being stricken Griswold asked what had happened, the court correctly admitted as part of the res gestæ.—*Nelson v. State,* 130 Ala. 45, 30 South. 422.

That the plaintiff had at some time previous to the difficulty in question made a derogatory remark about the defendant is not competent evidence, or admissible under the defendant's plea setting up prior threats. It was too indefinite and remote as to time, and in no way tended to prove or disprove the issues before the court. Such remarks, made on a prior occasion in the absence of the defendant, would not justify or mitigate the assault, and the objections to these questions asked the plaintiff on cross-examination were properly sustained.

The plaintiff elicited from the defendant on his cross-examination, against the objection of defendant, that he had put in a plea of guilty, and had paid a fine, in a criminal prosecution growing out of the same assault upon which a recovery in this case is predicated. The Supreme Court has passed on the admissibility of testimony on that subject in a case of this kind, and held that it is not competent.—*Irby v. Wilde,* 155 Ala. 388, 46 South. 454; *Phillips v. Kelly,* 29 Ala. 628.

It is not necessary to discuss other assignments of error, as they rest upon matters that can be avoided upon another trial, and for the error pointed out the case must be reversed.

Reversed and remanded.

On Application for Rehearing.

While, as contended by appellee in his application for a rehearing, a plea of guilty, or the fact that a defendant paid a fine under such a plea, entered in a criminal prosecution, may be received in a civil action *for the same offense* as an admission or declaration against interest; and while the cases cited in the original opinion (*Irby v. Wilde,* 155 Ala. 388, 46 South, 454, and *Phillips v. Kelly,* 29 Ala. 628) are not applicable be-

cause of that distinction, yet the questions asked the defendant do not bring this case under the rule insisted upon.

The defendant was asked on his cross-examination the following question: "I will ask if you put any plea of guilty in when you were arrested on charge growing out of this assault?"—and after an objection had been interposed and overruled by the court the defendant was required to answer the question. The question was not confined to an inquiry of the same offense involved in the civil proceedings, but comprehended in the wide scope of the question any charge growing out of the assault. The question included any number of different offenses or charges than the assault in question, and the court was in error in overruling the objection to the question. The opinion is modified as hereinabove indicated, and the application for rehearing denied.

Application denied; opinion modified.

