# Jones *v.* Bynum.

## Assault and Battery.

(Decided November 7, 1914. 66 South. 639.)

1. *Trial; Reception of Evidence; Curing Error.*—Where evidence was erroneously admitted and subsequently excluded, it is proper for the court to instruct the jury not to consider it for any purpose.

2. *Charge of Court; Covered by Those Given.*—It is not error to refuse instructions substantially covered by written instructions given.

3. *Assault and Battery; Civil; Evidence.*—In an action for civil assault and battery, evidence as to the details of a dispute between defendant and a son of plaintiff on a day before the assault, was improper.

4. *Same; Reputation.*—In a civil action for assault and battery, evidence of defendant's bad character for peace and quiet is not admissible.

5. *Same; Defense; Offensive Language.*—The use of obscene or offensive language does not preclude a recovery in a civil action for assault and battery, although it may be introduced in mitigation of the damages for which defendant may be liable.

6. *Same; Ejectment of Trespasser.*—Where a person in charge of premises requests another to leave, having the right to so request, he may use such force as is necessary to remove such other, after allowing a reasonable time to depart, without becoming liable for an assault.

7. *Same; Defense; Instruction.*—Where it appeared not only that defendant was not on his own land, nor in possession of the land where the assault occurred, but that he attacked plaintiff for using offensive language to him, and not to eject him from the premises, a charge that plaintiff could not recover if he went on the premises without invitation from defendant, and used abusive language to and about the defendant, and defendant used only such force as was reasonably necessary to remove plaintiff from the premises, was properly refused.

8. *Same.*—A charge asserting that plaintiff could not recover if defendant used no more force than was reasonably necessary to protect himself from a threatened assault, not being predicated on defendant's freedom from fault in provoking the difficulty, was erroneous.

9. *Same.*—A charge that if plaintiff was a trespasser on the premises of defendant, using abusive language, and acting as if he intended to assault defendant, and that for protecting himself, defendant did hit plaintiff with the side, but not with the edge, of an axe, and that in the scuffle, plaintiff was cut without purpose of

defendant, and defendant threw the axe away, and continued to hold plaintiff until plaintiff would promise to desist. and defendant than let him up, and that what defendant did was no more than necessary apparently and reasonably to protect himself, plaintiff would not be entitled to recover, was argumentative, involved, mis. leading and otherwise defective, in justifying defendant's battery of plaintiff by reason of plaintiff's action as if he intended to assault and beat defendant without predicating defendant's bona fide belief in the imminence of such an assault.

APPEAL from Blount Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Joe Bynum against Joe L. Jones for assault and battery. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals. Reversed and remanded.

A former report of this case may be found reported as *Bynum v. Jones,* 177 Ala. 431, 59 South. 65. Besides the general issue, defendant set up self-defense, both of his person and his premises, alleging that he used no more force than was necessary to protect his person and expel plaintiff from defendant's premises. There was verdict and judgment for plaintiff for $200. The following charges were requested by defendant: (1) If defendant used no more force than was reasonably necessary to protect him from a threatened and impending assault or assault and battery by plaintiff, plaintiff will not be entitled to recover. (2) If plaintiff went upon the premises without an invitation from defendant, and used violent, abusive, or opprobrious language to and about defendant, he was a trespasser and a wrongdoer, and defendant had the right to use so much force as was reasonably necessary to remove plaintiff from his premises, and for such plaintiff would have no cause of action. (3) The court charges the jury that if plaintiff was a trespasser on the premises of defendant using abusive, insulting, or opprobrious language, to and about defendant, and acting as

if he then and there intended to assault and beat defendant, and that for the purpose of protecting himself the defendant did hit plaintiff with the side, not with the edge, of the ax, and that defendant and plaintiff then and there engaged in a scuffle over the ax, and that in the struggle plaintiff was cut without purpose of defendant, and defendant threw ax away when he got it, away from the plaintiff, and continued to hold plaintiff until plaintiff would promise to desist from his abuse of defendant and go away, and defendant then let him up, and that what defendant did was no more than was apparently reasonably necessary to protect himself from the assault or threatened assault of plaintiff, plaintiff would not be entitled to recover.

O. A. STEELE, and JOHN A. LUSK & SON, for appellant.

J. B. SLOAN, and T. B. RUSSELL, for appellee.

SOMERVILLE, J.—Plaintiff's son was allowed to testify as to the details of a dispute which occurred between the defendant and himself on the day before the fight between the plaintiff and the defendant, including threatening conduct and language on the part of the defendant. This testimony was foreign to the issues on trial, and should have been rejected. It was referred to by plaintiff's counsel in argument, with the approval of the court, as the beginning of the difficulty by the defendant, and it was probably prejudicial to him.

Evidence of the defendant's bad character for peace and quiet was not admissible upon any of the issues involved. It was erroneously admitted, but was afterwards excluded by the court. In general, such an ex-

clusion cures the original error; but it is the better practice in all cases to also instruct the jury not to consider such evidence for any purpose.

We have examined the other numerous assignments relating to the admission of testimony, and do not find any prejudicial error among them.

The court properly instructed the jury that, if the defendant assaulted the plaintiff because of "words only" used by the plaintiff to the defendant, they must find for the plaintiff.

In civil actions, the abusive or offensive language of the plaintiff at or about the time may mitigate the fault of the defendant, but it cannot justify or excuse it so as to prevent some recovery of damages, albeit only nominal.—*Keiser v. Smith*, 71 Ala. 481, 46 Am. Rep. 342.

"One who is lawfully in charge of premises, and has requested another to leave, whom he had a right so to request, may lawfully use so much force as is necessary to remove such other, after allowing him a reasonable time to depart."—3 Cyc. 1045, 1046, and cases cited; *Motes v. Bates,* 75 Ala. 374.

The defendant had the advantage of this ground of defense under the several charges given to the jury at his request. The refusal of charge 2 was therefore not prejudicial in any event. It is to be noted, however, that the defendant was not on his own land, and was not in possession of the land upon which he says the plaintiff advanced to attack him. And, again, it is clear, even from the defendant's own account of the fight, that he attacked the plaintiff for calling him bad names, and in no sense for the purpose of ejecting him with reasonable force from the premises. The circumstances therefore lacked two of the essential elements

[H. H. Hitt Lumber Company v. Sherman.]

of a lawful defense of one's premises against a trespasser, and, as applied to the evidence, these charges might well have been refused.

Charge 1 is bad for omitting the predicate of the defendant's freedom from fault in provoking the difficulty—a jury question under the evidence.

Charge 3 is argumentative, involved, and misleading; and it is defective in justifying the defendant's battery on the plaintiff by reason of "his acting as if he then and there intended to assault and beat the defendant," without predicating the defendant's bona fide belief in the imminence of such an assault.

For the error pointed out, the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.