34 So.2d 201

**MOTLEY v. PAGE.**

**7 Div. 924.**

Supreme Court of Alabama.

Feb. 26, 1948.

L. B. Rainey and Motley & Motley, all of
Gadsden, for appellant.

266

Roy D. McCord, of Gadsden, for appellee.

GARDNER, Chief Justice.

Plaintiff (appellant here) sought to recover of the defendant damages, both actual and punitive, for assault and battery in a difficulty between the two parties. There was verdict and judgment for defendant and the plaintiff appeals.

Plaintiff, who is an attorney, offered proof tending to show that a disagreement existed between the parties concerning a fee for professional services rendered, and that on the evening in question as he, the plaintiff, was driving to a filling station he saw the defendant going in the same direction and that the defendant was observing plaintiff; that they stopped at the same station. In short plaintiff's testimony tends to show that the defendant was seeking an opportunity to contact the plaintiff and was following him. To rebut this inference it was proper for the defendant to show that he had stopped at another filling station to get his tire fixed and that one Fox at the station at the time told him he could not fix the tire, that it was closing time, and that Fox made no suggestion for any place for him to go. The admission of this proof constituted the first and second assignments of error. We think it calls for no discussion to demonstrate that no error was here committed.

In the third assignment the witness Smith, who saw the difficulty, was asked "Which one of the two was swinging the fastest, if either one was"? The answer was that "It was hard to say, it was at night." Clearly there is nothing here of which plaintiff may complain, nor in the answer of the witness that one Minton separated the two. These assignments (3 and 4) are without merit.

Plaintiff insisted that defendant in any event used more force than was necessary, and that he suffered considerable damage, requiring the attention of a physician and his remaining at home for a period of a month. His further insistence was that the defendant used brass knucks. This, the defendant denied and offered proof to sustain this denial. The proof was that the plaintiff weighed some 200 pounds and the defendant something around 150 pounds. Defendant was further asked whether or not he had been sick. The court permitted, over the plaintiff's objection, the defendant to answer in the affirmative. The rule seems to be that the physical condition of an accused in an assault and battery may be shown if it is material to any of the issues. 6 C.J.S. Assault and Battery, § 118. In Brooke v. State, 155 Ala. 78, 46 So. 491, a prosecution for assault and battery, the holding was the physical condition of the defendant was not a material issue and therefore properly refused. The defendant in the present case though weighing considerably less than the plaintiff appears to have inflicted damage upon plaintiff's person, requiring, as we have previously stated, a stay at home from his business for a period of one month. We are wholly unable to see from this record where any previous illness, whenever it was, could have in any manner affected the defendant so far as the trial of this case is concerned, except perhaps to create some sympathy or prejudice in his favor. We are persuaded that the case comes within Brooke v. State, supra, where defendant's physical condition was not a material issue and therefore the question asked the plaintiff should not have been permitted.

Plaintiff was permitted to prove, and offered the records of what is termed

the "Police Court" to show, that defendant entered a plea of guilty to assault and battery for this same offense. In Ritter v. Griswold, 2 Ala.App. 618, 56 So. 860, the holding was that such proof was admissible upon the theory that there was an admission or declaration against interest. This holding appears to be in accord with the current of authorities elsewhere. 3 Cyc. 1098; Am.Dig. System, Assault and Battery, § 27. This police court appears to have had a judge and a clerk, and the judgment of conviction offered in evidence was full and complete as to the plea of guilty to assault and battery, and it was made clear that it was for this same difficulty. Such a judgment showing a plea of guilty was admissible against the defendant though not conclusive. As held by the Iowa court in Root v. Sturdivant, 70 Iowa 55, 29 N.W. 802, the plea was an unqualified admission that he was guilty of the offense charged, and that no accompanying statement or explanation could change its character in that respect. Defendant in this case was permitted to prove that he understood he was merely pleading guilty to disorderly conduct, or that some one had so informed him. From whom this information came is not made to appear. We think this proof insufficient to overcome the solemn judgment of the court in assessing the $50 fine upon a plea of guilty to assault and battery entered by the defendant, presumably conscious of what he was doing. Such proof was not an explanation, but a direct contradiction of the judgment duly entered on his plea of guilty.

In order to properly present this matter of the plea of guilty to the jury as an admission against interest the plaintiff requested the court to give charge 1, which is as follows: "The court charges the jury that it is the law that when a defendant pleads guilty to a criminal offense and pays a fine and afterwards is sued in a civil suit for damages for that identical offense, that such plea of guilty is an admission or declaration against the defendant's interest." As we have stated, we are of the opinion this charge properly states the law and the plaintiff was entitled to have the jury so instructed.

Charge A given for the defendant is criticized upon the theory that it omits defendant's freedom from fault in provoking the difficulty. We are cited to Jones v. Bynum, 189 Ala. 677, 66 So. 639; Abney v. Mize, 155 Ala. 391, 46 So. 230; Morris v. McClellan, 169 Ala. 90, 53 So. 155. True, charges of this nature are usually framed in language suggested by appellant in brief, that is, defendant's freedom from fault in bringing on the difficulty. But this charge is predicated upon a finding by the jury after a careful consideration of all the evidence that the plaintiff provoked the difficulty. If, as so stated in the charge, plaintiff did provoke the difficulty, then it follows that the defendant did not. Consequently we think the charge in substance and effect meets the rules of the decisions, and that the giving of this charge was without error.

We have treated the principal questions presented on the appeal and are persuaded that the errors above indicated dictate a reversal of the cause. It will be so ordered.

Reversed and remanded.

BROWN, LIVINGSTON and SIMPSON, JJ., concur.