54 So.2d 314

PRITCHETT v. FREEMAN.

7 Div. 118.

Court of Appeals of Alabama.

Oct. 2, 1951.

H. Herbert Evans, Anniston, for appellant.

Walter J. Merrill and Knox, Jones, Woolf & Merrill, Anniston, for appellee.

224

PRICE, Judge.

Plaintiff sued to recover actual and punitive damages for an assault and battery committed by defendant on the person of plaintiff.

Defendant pleaded not guilty and a special plea setting up self defense, averring that he was assaulted by the plaintiff and that he used no more force than was necessary to repel the assault.

There was a verdict and judgment for $500 for plaintiff, and defendant appeals.

Plaintiff's evidence was to the effect that he was passing the Webb Lumber Company in Anniston, and saw defendant's truck. He walked to where defendant was unloading logs and asked to talk with him. The following then occurred: "He asked me what I wanted to see him about. I told him about a settlement of our sawmill deal. He says 'How's that?' I says 'You used my sawmill, you agreed to pay me $250.00 and half interest in your mule and a half interest in your truck.' I quoted this over to him and I says 'You walked off and left me after you sawed out a location of timber; the only thing I have is a mill and it is practically worn out. You left me with a note which you agreed to pay off.' I said 'You carried the truck with you and the mule and you also carried enough lumber to ceil your house, and all of the truck accessories.' He says 'That is a damned lie.' I says 'I wish you would explain why I should furnish you a sawmill free of charge.' He says 'I am getting damned tired of this.' As I turned I was struck right here over the eye. The last time I saw him he stuck his right hand in his pocket and as I walked away he hit me right across the eye. That is the last

thing I remember. When I came to I was beat up."

There was evidence that plaintiff suffered a split three quarters of an inch long through his upper lip and a gash through his right eyebrow, each of said cuts necessitating stitches, and his face was covered with blood. Defendant's torn blood stained shirt was offered in evidence.

Defendant gives this version of the difficulty: "A. So he says 'When I was in the sawmill business didn't you tell me your truck and mule would stand for half of that mill?' I says 'No, sir.'

"Q. Go ahead? What else happened? A. I says 'Look here, if it is trouble you want I am ready.' He made a pass at me—

"Q. (Interrupting) And struck you? A. He started to.

"Q. What do you mean—A. (Interrupting) He drawed back.

"Q. With his arms and hands? A. His hands—he was standing right in front of me. I was leaning up against the truck.

"Q. Then what happened? A. We went to fighting and that's all I know."

He also testified that if plaintiff ever hit him he did not know it. Defendant contended that plaintiff preceded him to the lumber company by thirty minutes. Waited for him there and started the argument.

The evidence was ample to sustain the verdict, and after allowing all reasonable presumptions of the correctness of the verdict, we are not convinced that it is wrong or unjust. We cannot say the court erred in refusing a new trial on the ground the verdict was contrary to the evidence. Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738.

After plaintiff had testified, without objection, that he had a bruise in the back and Dr. Levi took some X-ray pictures of his back, the following occurred:

"Does your back still trouble you? A. Yes.

"Mr. Crumpton: Object to any testimony relative to injuries to the back.

"Court: Overruled.

"Mr. Crumpton: We except.

The objection was not made until the question was answered and came too late. Ala. Digest, Trial, ⊙= 76; Bradford v. Harris, 251 Ala. 386, 37 So.2d 677; Royal Ins. Co. v. Story, 34 Ala.App. 363, 40 So. 2d 719, certiorari denied 252 Ala. 275, 40 So.2d 724.

■ The judgment of the Recorder's Court showing that defendant entered a plea of guilty of assault and battery and paid a fine for said offense was properly received in evidence as an admission or declaration against interest. The judgment was full and complete and was shown to be for the same assault. Motley v. Page, 250 Ala. 265, 34 So.2d 201; Ritter v. Griswold, 2 Ala.App. 618, 56 So. 860.

Defendant insisted the docket sheet showed it had been altered by drawing a line through the words "not guilty" and writing "guilty" above them.

The plea was an unqualified admission that defendant was guilty of the offense charged, and no accompanying statement could change its character in that respect. Motley v. Page, supra.

The judgment was proved to be entirely in the handwriting of the Recorder and defendant himself testified that after the plaintiff and his witnesses had testified in police court when he was asked if he was guilty or not guilty, "I says 'guilty of what?' The man says 'striking and hitting somebody and beating them up.' I says 'if it is with my fists I done it.'" He further testified that a fine was imposed and was paid by defendant. We construe this statement as an admission by defendant that he withdrew his plea of not guilty and interposed a plea of guilty.

■ The evidence presented a question for the jury and the affirmative charge was properly refused. Byrd v. Beall, 161 Ala. 594, 50 So. 53; Weeden v. Asbury, 223 Ala. 687, 138 So. 267.

■■ Defendant's charges 6 and 9 were refused without error. They pretermit that defendant used no more force than was necessary to repel the assault, and are otherwise faulty. Chandler v. Goodson, 254 Ala. 293, 48 So.2d 223; South Bril-

liant Coal Co. v. Williams, 206 Ala. 637, 91 So. 589; Abney v. Mize, 155 Ala. 391, 46 So. 230.

Charge 7 omits defendant's freedom from fault in provoking the difficulty. Jones v. Bynum, 189 Ala. 677, 66 So. 639; Motley v. Page, 250 Ala. 265, 34 So.2d 201.

Affirmed.