SHANNON, Judge
(dissenting).
I find myself compelled to dissent from the majority opinion herein. My dissent is concerned only with one question, namely, the trial court’s ruling in refusing to admit into evidence the defendant, Far-rar’s, plea of guilty made before the Traffic Fines Bureau of the City of Orlando on a charge of traffic violation. The judges concurring in the majority opinion take the position that this question was not raised properly in the trial court and hence they refused to consider the question. My opinion is based upon the assumption that the proffer of this testimony was valid, and being valid, the trial court was in error in excluding it.
The fact is, insofar as this question is concerned, that the defendant appeared before the Traffic Fines Bureau of the City of Orlando on a charge of traffic violation. The defendant could have gone one of two ways, either to the judge if he wanted to plead not guilty, or to the clerk if he wanted to plead guilty. He chose the latter. In answering the question posed the law is in conflict. But in the great majority of cases if there were a plea of guilty made before a judge it would be admissible in a later civil case upon the principle that it constitutes an admission against interest. However, in the instant case the trial judge ruled that since the plea of guilty was not made before a court it was inadmissible for that reason.
On the question of the admissibility of a plea of guilty in a civil suit growing out of the same facts for the purpose of showing an admission against interest it is stated in 2 Jones on Evidence, § 370, that:
“A plea of guilty in a criminal proceeding is a confession of the truth of the charge, and is admissible against the accused in a civil action as his admission. * * * ”
And in 31 C.J.S. Evidence § 300:
“Admissions by defendant in a criminal case may be competent as judicial admissions, against him, in a civil action involving the same subject matter ^ ^ H **
This principle was upheld in the Alabama case of Motley v. Page, 1948, 250 Ala. 265, 34 So.2d 201, 202, where the court reversed a judgment for the defendant in an action for damages for assault and battery and had this to say:
“Plaintiff was permitted to prove, and offered the records of what is termed the ‘Police Court’ to show, that defendant entered a plea of guilty to assault and battery for this same offense. In Ritter v. Griswold, 2 Ala.App. 618, 56 So. 860, the holding was that such proof was admissible upon the theory that there was an admission or declaration against interest. This holding appears to be in accord with the current of authorities elsewhere. * * *»
In Johnson v. Empire Machinery Company, 5 Cir., 1958, 256 F.2d 479, 482, the defendant was a corporation at the time of' the collision concerning which the suit was-brought. The driver of its vehicle was-not made a party, and hence his plea of guilty could not be introduced into evidence as an admission against interest, but it could be used for the purposes of impeaching the driver. Interestingly, this driver *503 did not plead guilty to a judge or any court either. In his own words:
“Q. I see, did you get a ticket?
“A. Yes, sir.
“Q. What did you get a ticket for?
“A. For following too close.
“Q. Did you pay a fine on that?
“A. Yes, sir.
“Q. Did you go down to the City Court and plead guilty?
“A. No, sir, I didn’t take it to the Judge.
“Q. What did you do with it?
“A. I paid it to the cashier.
“Q. Did you just walk in there and say ‘I have got a ticket,’ and paid them ?
“A. Yes, sir.
“Q. How much did you pay ?
“A. Five dollars.”
The court held that since the driver was not a party to the action, his action in pleading guilty could not be allowed as an admission against his principal, but was clearly allowable upon another theory, namely, impeachment, the court saying:
“ * * * His action, several days after the accident, in paying a fine ‘for following too closely’ could not he introduced as an admission against his principal. * * *
“The evidence was, however, clearly admissible for the purpose of impeaching Cooper after he had testified as a witness for the defendant. Broadly speaking, his testimony tended to prove that he was free from any fault or negligence. The plaintiff then had a right to cross-examine him as to his payment of the fine without insisting on a trial. The jury might have believed his explanation or, instead, it might have inferred that he paid the fine because he was not free from fault in causing the collision. * * * ”
In the late case of Henderson v. Henderson, 1956, 94 Ga.App. 64, 93 S.E.2d 822, 828, where the husband paid a fine to a deputy sheriff for the actions of his wife in a highway accident, the court held evidence of a guilty plea was admissible, saying:
“In Roper v. Scott, 77 Ga.App. 120, 48 S.E.2d 118, this court held: ‘Where a civil action is instituted for damages on the grounds of negligence, for the violation of penal ordinances or statutes, and the defendant has previously confessed or pleaded guilty to the violation of such penal statutes whether it be in or out of court, these confessions are competent evidence as admissions against him in the civil action with reference to the same transaction.’ The reason that such testimony is admissible is not because a plea of guilty in a court has any particular sanctity on the trial of a civil action, but only because the plea constitutes an admission that the defendant was at fault. It does not need to be made in judicio, for under the authority of the Roper case it is admissible whether made in or out of court. If the judicial con-, text of the admission is not controlling, as it thus appears that it is not, then it does not matter that in this case the plea of guilty would not have been sufficient as such in a criminal action. Such admissions are admissible on the ground that a party presumably will not make a statement against his interest unless it is true. * * * ”
In the above case there are two dissents, one of the judges dissenting with opinion and another joining him. The reason for the dissent was not because the plea of *504 guilty was entered, but was because the plea of guilty was not proffered in the acceptable form, the dissenting judge stating:
“ * * * When it was developed from the evidence that there was no such plea of guilty the plaintiff did not seek to show what zvas said or written in such purported plea of guilty, but insisted on the admissibility of the testimony that the witness entered a plea of guilty and the court admitted the testimony as an admission against the witness’ interest. This was error for the reason that the highest and best evidence of what the charge was and to what charge the witness pleaded would have been a certified copy of the charge and the plea. * * * ”
A thorough discussion of when and why pleas of guilty to traffic offenses are admitted in civil suits is contained in a well-reasoned decision handed down by the New York Court of Appeals in 1960. See Ando v. Woodberry, 8 N.Y.2d 165, 203 N.Y.S.2d 74, 168 N.E.2d 520, wherein the court cites numerous cases in support of its holding.
In the instant case I think that the excluded evidence should have been admitted against Farrar on the principle of admission against interest. The plea of guilty that he impliedly entered, not to a judge or to a court, but to the Traffic Fines Bureau, an agency which was set up by the judiciary of the City of Orlando, does not obviate the fact that he pled guilty to the charge, and as an admission against interest I think that this evidence should have gone to the'jury, irrespective of the fact that this defendant could have advanced his reasons for so doing.
It will be remembered in the instant case Farrar received a traffic ticket for “following too closely” in violation of a municipal traffic ordinance. Subsequently, Farrar took the ticket to the Traffic Fines Bureau in Orlando and there paid the fine thereon, and, in so doing, pled guilty of the offense charged, although he had not pled guilty to the judge or to a court.
The refusal of the lower court to allow this evidence is, in my opinion, reversible error and the case should be remanded for a new trial.