THE PEOPLE *against* THE JUDGES, &c. OF THE GENERAL SESSIONS OF THE PEACE OF THE COUNTY OF GENESEE.

ON the 14th of *May* last, at the court of general sessions of the peace, of *Genesee* county, *Henry Markham* was indicted for an assault and battery, and having pleaded not guilty, and the trial being brought on by the attorney of the district, *Markham's* counsel objected to the trial proceeding, on the ground that a private suit had been brought against him, in the court of common pleas, to recover damages for the same assault and battery, which suit was still pending and undetermined. On this ground,

*On an indictment for an assault and battery, the trial will not be stayed because a civil suit is pending, to recover damages for the same assault and battery; though, it seems, judgment, after conviction, may be stayed, until the decision of the civil suit.*

ALBANY,
January, 1816.

THE PEOPLE
v
JUDGES, &c., OF
GENESEE.

the court below refused to allow the trial of the indictment to proceed, and the attorney of the people now applied for a *mandamus*, to be directed to the court of general sessions, commanding them to proceed in the trial of the cause.

*Per Curiam.* This is an application for a *mandamus* to the court of general sessions of the county of *Genesee*, to compel them to proceed to the trial of *Henry Markham*, upon an indictment for an assault and battery. The affidavit of the district attorney states, that the court refused to proceed to the trial of *Markham*, solely on the ground that a private suit had been commenced, and was then pending against him, by the prosecutor. This was not a sufficient reason for postponing the trial of the indictment. It might be good cause for suspending judgment, if the defendant should be found guilty, in order, in some measure, to regulate the discretion of the court in imposing the punishment. We think, however, that the application for a *mandamus* ought not to be granted at this time. The indictment was found at the same term in which the public prosecutor moved to bring on the trial. The delay, therefore, has not, as yet, been unreasonable. The court of general sessions, from what is stated by the district attorney, were, probably, misled by what is said in *Espinasse's Digest,* (1 *Esp.* part 2. 184.;*) that it is the practice in *New-York*, in such cases, to stay the criminal suit until a decision in the private action. We are not aware of any such practice, nor do we think it warranted, if any thing more is intended than a stay of judgment after conviction. The rules and principles which govern the granting of informations, are not applicable to the trial of indictments. Should the court, hereafter, postpone the trial of the indictment, solely on the ground of the pendency of the private suit, it might become necessary and proper for this court to interfere by *mandamus*. But, under the circumstances attending the case, as now presented to us, we think the application ought to be denied.

* *Gould's* edit.
3 *Burr.* 919.

Motion denied.