# PHILLIPS *vs.* KELLY.

[TRESPASS VI ET ARMIS TO RECOVER DAMAGES FOR ASSAULT AND BATTERY.]

1. *General objection to evidence.*—A general objection to the admission of a party's declarations, which are not illegal on their face, may be overruled; and the objection cannot then be raised on error, that they were made after the commencement of the suit.

2. *Admissibility of party's declarations to prove physical suffering.*—In an action to recover damages for an assault and battery, the plaintiff may prove that, about two years after the commission of the assault, in which he was wounded on the breast, side, head and neck, "when in the field of his father, he lay down under a tree, and complained that his head, neck and back hurt him." [STONE, J., *dissenting.*]

3. *Admissibility of evidence in mitigation of damages.*—In a civil action to recover damages for an assault and battery, the defendant cannot be allowed to prove, in mitigation of damages, that he has been indicted, convicted, and fined for the same assault and battery.

4 *Presumption as to pleading in favor of judgment.*—Where no pleas appear in the record, but the judgment entry shows that the jury tried the cause " on the issue joined between the parties," the appellate court will presume, in favor of the judgment, that the plea was the general issue.

5. *Accord and satisfaction not good under general issue.*—An agreement, entered into after defendant had commenced a prosecution against plaintiff for an assault and battery, but before the return of the warrant, to the effect " that the parties would mutually drop the matter, and be friends, and never do or say anything more in relation thereto, and that defendant would abandon the prosecution, and plaintiff would pay costs" ; and its performance by defendant,—though they might, if specially pleaded, bar a civil action subsequently instituted by plaintiff to recover damages for the same assault and battery, cannot so operate when given in evidence under the general issue.

6. *Merger of civil action in felony.*—An assault with intent to kill, when committed by one white person upon another, not being a felony, the failure to prosecute, or the compromise of a prosecution commenced, does not prevent a recovery in a civil action for damages.

7. *What constitutes defense under general issue.*—The misconduct of the plaintiff, in provoking the assault, and entering willingly into the fight, which does not in law amount to an assault, is do defense, under the general issue, unless the defendant himself was wholly free from fault.

APPEAL from the Circuit Court of Coosa.
Tried before the Hon. ANDREW B. MOORE.

THIS action was brought by William C. Kelly against Reuben Phillips, and was commenced in October, 1851. No pleas appear in the record. All the questions here presented arise out of the rulings of the court on the trial, which are thus stated in the bill of exceptions :

" On the trial of this cause, plaintiff offered evidence tending to show that, on or about the 6th March, 1851, he and defendant were together at a log-rolling on defendant's premises, when a quarrel arose between them relative to some women ; that they were on different sides of a log, and defendant gave the damned lie to plaintiff; that plaintiff advanced towards defendant, around the end of the log, and, as he did so, defendant said, 'stand back—don't push on me, I'm on my own premises' ; that plaintiff also cursed defendant, and did not stand off ; that defendant raised a handspike which

he had in his hands, and plaintiff advanced, slapping his fist in the palm of his hand ; that some one wrested the handspike from defendant, who then punched plaintiff in the stomach with his left hand ; that plaintiff struck defendant with his fist, over the eye, and defendant then drew a knife, and cut plaintiff several cuts on the breast, side and head, near the neck ; that the wound on the head was cut to the bone, from two to three inches long ; that they were then parted, and plaintiff walked home, some two miles distant. Plaintiff then offered to prove that, some two years after this, when in the field of his father, he lay down under a tree, and complained that his head, neck and back hurt him. It was shown that, about a year afterwards, there was on his head, near the neck, about the place where the wound had been inflicted, (?) and continued there until a few months before the trial. Defendant excepted to this ; the court overruled the objection ; the proof was made, and the defendant excepted.

"There was evidence tending to show that plaintiff did no work for three weeks after the fight, but did not lie up on account of it, nor stay at home on account of it ; did not call a physician or nurse, and walked and rode about the neighborhood for several miles at a time ; that once a sore was seen on his head, about a year after the fight, at about the same place where a cut had been made on his head. There was evidence, also, tending to show that, about three weeks after the fight, plaintiff and defendant met at Rockford ; that defendant had sued out a warrant against plaintiff and others, for an assault and battery made by them upon him ; that an agreement was then made between them, whilst under arrest by the constable, before the return of the warrant to the magistrate, that in consideration each would never do or say anything more in relation to this fight, and that defendant would abandon this prosecution, plaintiff would pay all the costs ; and that plaintiff did pay the costs, and defendant did abandon his prosecution. There was no evidence that defendant had, in any manner, said or done anything more in relation to said fight, until he was sued in this action. The defendant offered to introduce as evidence a record of this court, showing a conviction of defendant (together with plaintiff) of an affray for this same fight, and that he was fined

ten dollars ; which, on plaintiff's objection, the court refused to allow, and the defendant excepted. Defendant then offered to introduce the same record, for the purpose of showing, in mitigation of damages, the fine imposed on him. To this the plaintiff objected ; the court sustained the objection; and the defendant excepted.

"This was all the evidence in the cause ; and thereupon the defendant requested the court to charge the jury,—

" 1. That if they believed all the evidence relative to the fight ; and that defendant afterwards sued out a warrant against plaintiff and others, on account of said fight, charging them with having committed an assault and battery on him ; and that the parties mutually agreed, before the return of the warrant to the magistrate, 'to drop the matter, and be friends, and never to say or do anything more in relation thereto, and that defendant would abandon the prosecution, and plaintiff would pay the costs ; and that defendant, in pursuance thereof, did abandon the prosecution, and plaintiff paid the costs ; and that defendant had not violated this agreement,—then plaintiff could not recover.

" 2. That if they believed from the evidence that, in the fight which had been proved, defendant had committed an assault on plaintiff, with intent to kill him,—then this was a felony ; and if there had been no prosecution of said offense, but plaintiff had compromised the difficulty so far as the criminal view of the case was concerned, then plaintiff could not recover in this action.

" 3. That if they believed from the evidence that both parties entered into the fight willingly ; and that plaintiff provoked the fight, and advanced on defendant, and was notified by defendant to stand back, and did not stand back, but advanced in a hostile manner,—then, even if defendant struck first, and plaintiff was injured in the fight, he could not recover in this action."

The court refused these charges, and the defendant excepted to each refusal ; and he now assigns as error the rulings on the evidence, to which exceptions were reserved, and the refusal to give the charges asked.

ELMORE & YANCEY, for the appellant.

MORGAN & MARTIN, *contra*.

RICE, C. J.—The objection to the plaintiff's declaration, which was offered in evidence by him, was general, no particular ground of objection being stated. In this court, the defendant calls our attention to the fact, that the declaration was made after the commencement of the suit ; and he here contends, that the mere fact that the declaration was made by the plaintiff *after suit brought,* makes it the duty of this court to hold that the court below erred in overruling his aforesaid objections. Our opinion is, that the defendant has precluded himself from claiming, in this court, any benefit from that fact, by failing to state it as a ground of objection, or to bring it to the notice of the court below in any manner whatever. The trial was had more than three years after the alleged assault and battery. The declaration, as offered in evidence, was made two years after the assault and battery, but contained nothing, *on its face,* which proved that it was made *after suit brought.* It is true, the court below might have referred to the writ, to ascertain whether the declaration, as offered in evidence, was made before or after suit brought ; but the court was not bound to do so, nor was it bound to go behind the pleadings, or to cast about to ascertain the grounds which induced the defendant to make his objections. The court was authorized, *under the objections actually made,* to confine its inquiry to the question, whether the evidence as offered was illegal *upon its face;* and to admit it, if it was not illegal *upon its face.* For it is a settled rule, that when the evidence is not illegal *on its face,* but it requires *some fact to be brought to the notice of the court to show its illegality,* the party objecting must state the grounds of his objection ; and if he fail to state any ground, the court may overrule his objection.—Cunningham v. Cochran, 18 Ala. R. 479 ; Wallis v. Rhea, 10 *ib.* 451 ; Donnel v. Jones, 13 *ib.* 490. If, therefore, the evidence which was objected to as aforesaid was not illegal *on its face,* there was no error in overruling the objections made to it.

It is a general rule of evidence, that the declarations of a party shall not be admitted in his favor. But it is incon-

trovertibly established by the authorities, that there are declarations which, *in their very nature*, must be evidence, though emanating from the party himself who seeks to use them in his own favor.—3 Phil. Ev. (edition of 1850,) 210, 212–226, note 166. And among these, none can more properly or reasonably be classed or included, than declarations of the existence of pain in any particular part of the body. A physician might be able, from the symptoms, to determine that a man was sick ; but there are many cases, in which the existence of pain in any particular part of the body is not indicated by any such symptom as would enable even a physician to locate it, or to testify to its existence. Take, for instance, cases of tooth-ache, head-ache, neuralgia, and rheumatism, in the early stage. In all such cases, the person affected may be undergoing severe pain, and yet without any symptom which would enable the medical man to detect and testify to its existence. And so there may doubtless be cases, where pain in particular parts of the body may be occasioned by wounds, which have apparently been healed, and yet the existence of that pain may not be indicated by any symptom which would be sufficient to justify the man of science in testifying to its existence. Now in cases where the existence of pain in any particular part of the body is, in its very nature, incapable of proof, except by the declarations of the sufferer, his declarations of its existence must, from necessity, be admitted as evidence of *its existence*, if its existence *at the time such declarations were made* be a material question. Such declarations are to be regarded as evidence only of *the existence of pain* at the time they are made : they are not evidence of the cause or origin of the pain. Their credit, or weight, is a question for the jury, who ought always to be careful not to be deceived or misled by them.—See authorities cited *infra*.

In this case, the existence of pain in the head, neck and back of the plaintiff, two years after the assault and battery, was one of the material questions. If he convinced the jury of its existence, and, in addition thereto, satisfied them that the pain was one of the natural results of the assault and battery inflicted on him by the defendant, he was entitled to more damages, than he would have been entitled to if the

41

injury had been slight and of short continuance. He had the right to prove the extent of the injury, and to prove that, at the expiration of two years from its infliction, he had not recovered from its effect, but was suffering pain which naturally resulted from it. His declaration that his head, neck and back hurt him, was evidence of the existence of pain in those parts of his body; the very parts upon which the wounds were made by the defendant. The existence of pain in those parts does not appear to us to be capable of proof, otherwise than by his declarations. And although we deem such evidence to be of a dangerous character, yet, upon reason and authority, we think it safer to admit it, and let the jury pass upon its weight and effect, than to exclude it altogether. It would look like a mockery, for the law to say to the plaintiff, " I will allow you to prove that your head, neck, and back hurt you two years after you had been wounded by the defendant ; I know that, in the very nature of things, it is impossible for you to make such proof, except by your own declarations ; and I will not allow you to introduce those declarations." The law is not so inconsistent with itself, and with reason, as to declare that a plaintiff may prove a thing, and at the same time also to declare that the only proof of which the thing is in its nature capable, shall not be heard or considered. The rule is, that whenever the bodily or mental feelings of an individual, at a particular time, are material to be proved, the usual expressions of such feelings, made at the time in question, are admissible as evidence of the existence of such feelings. They are classed with natural evidence, as distinguished from personal evidence. And whether they were real or feigned, is for the jury to determine.—1 Greenlf. Ev. § 102 ; Darby v. Rice, 2 Nott & McCord, 596 ; Gray v. Young, 4 McCord, 38 ; Thompson v. Trevanion, Skin. Rep. 402 ; Aveson v. Lord Kinnaird, 6 East's Rep. 188 ; Roulhac v. White, 9 Iredell, 63 ; Biles v. Holmes, 11 *ib.* 16 ; Lush v. McDaniel, 13 *ib.* 485 ; Clancy v. Overton, 1 Dev. & Batt. 402 ; Rowland v. Walker, 18 Ala. R. 749 ; Eckles v. Bates, 26 *ib.* 655 ; U. S. v. Craig, 4 Wash. C. C. Rep. 729.

On the trial of an indictment for an assault and battery, the defendant may prove even the pendency of a civil action

against him for the same assault, in mitigation of the fine.—The State v. Autery, 1 Stew. Rep. 399. But in a civil action for an assault and battery, the defendant has no right to prove that he had been indicted, convicted and fined for the same assault and battery.—3 Phil. Ev. (edition of 1839,) 850.

The judgment entry shows that the jury tried the case upon "the issue joined;" but we do not find in the record any plea, or other thing which enables to say with any certainty what that issue was. As to that, we are left to intendment. The uniform decisions of this court require us to make every reasonable intendment, consistent with the record, in favor of the rulings of the court below ; and we shall therefore presume that the issue was joined upon the plea of not guilty.

Indulging that presumption, it is clear that there is no error in refusing the first charge asked by the defendant ; for, conceding that the agreement referred to in that charge, and its performance on the part of the defendant, might, *if specially pleaded,* have operated as a bar to this action, that agreement and its performance by the defendant cannot *so operate,* when only given in evidence under the general issue. 2 Greenl. Ev. §§ 92, 93.

The second charge asked by the defendant, was properly refused, because it erroneously assumes that " an assault by one white man upon another, with intent *to kill,*" is a felony. An assault with intent *to murder* is a felony ; but an assault by one white man upon another, with intent *to kill,* is a misdemeanor only.—The State v. Burns, 8 Ala. 313 ; Ogletree v. The State, 28 *ib.* 693.

The third charge asked was properly refused, because it erroneously assumes that, if the plaintiff provoked the fight, and advanced on defendant in a hostile manner, after notice to stand back, and entered into the fight willingly, he could *not recover* in this action, however excessive or enormous the beating he received, or however grievous the wounds inflicted upon him. The law gives no such sanction or immunity to unnecessary cruelty, or to brutal revenge. Before a defendant can, under the general issue, claim *exemption* from legal responsibility for beating and wounding a plaintiff, on the mere ground of misconduct on the part of the plaintiff, which does not, in law, amount to an assault, he must show that he

was wholly free from fault.—2 Greenlf. Ev. §§ 92, 94, 267, 274; Brown v. Riddle, 20 Ala. Rep. 412; Logan v. Austin, 1 Stew. Rep. 476.

There is no error in the record, and the judgment is affirmed.

STONE, J.—I admit that the North and South Carolina decisions sustain the conclusion of the majority of the court, on the question of the admissibility of the plaintiff's declarations, made at the time he lay down, eighteen months after the injury. I am not satisfied with those decisions, and would prefer to declare a different rule. It is certainly true, that whenever the mental or bodily feelings of a party are to be proved, the usual expression of those feelings must be resorted to as the vehicle of proof. By this I understand those expressions of pleasure, or exclamations of pain, which immediately ensue after the act done, and which it is difficult to counterfeit. I would go one step further : when the condition of the person was such as to afford visible evidence of pain, I would receive accompanying declarations, as a part of the *res gestae*, and as in their nature, original evidence. When, however, the declarations are offered alone, or accompanying an act which is, in itself, indifferent, and of which the counterfeit is not distinguishable from the real, I think sound policy requires their exclusion. When declarations are offered as the basis of a medical opinion, I would let them in, no matter when made. The reason for this is obvious. The physician, being skilled in the symptoms of disease, is presumed to be able to distinguish *real symptoms*, which are always consistent with themselves, from a *fabricated* statement, which would rarely be consistent. The argument in favor of the opinion of my brothers, based on the fact that a different rule would, in many cases, deprive a party of all proof, in my opinion should weigh nothing. The same argument may be urged, with the same force, whenever a fact exists, of which a litigating party has no legal evidence.

WALKER, J.—I fully concur with the Chief Justice, and adopt his opinion.