# Caldwell *v.* The State.

## *Assault and Battery.*

(Decided May 20, 1909. 49 South. 679.)

1. *Assault and Battery; Evidence; Civil Action Pending.*—The fact that a prosecutor is proceeding against a defendant in a civil action for damages suffered in consequence of the assault and battery for which the defendant is then being prosecuted, is admissible in mitigation of the fine.

2. *Same; Evidence; Character.*—Where witnesses had testified that a defendant's character was good for peace and quiet it was not competent to inquire of the defendant as to difficulties he had had with other persons, since that question is properly addressed only to the witnesses testifying as to the defendant's reputation along that line.

3. *Same; Irrelevant.*—Evidence that has reference to the defendant's ability as a dancer is not relevant in a prosecution for assault and battery.

4. *Same; Instructions; Self Defense.*—Prosecution being for an assault with a weapon, a charge asserting that if the defendant cut the prosecutor under a bona fide belief that the defendant was in impending danger to life or limb, and under all the circumstances he had reasonable cause to believe that he was in imminent danger at the time of the cutting it would be immaterial whether there would be such danger or not, is a proper charge, and its refusal error.

5. *Charge of Court; Character.*—A charge asserting that proof of good character alone when taken in connection with all the other evidence, may be sufficient grounds on which to base a reasonable doubt of defendant's guilt and justify his acquittal, is objectionable for the use of the word, "alone."

6. *Assault and Battery.*—The prosecution being for an assault with a weapon, a charge asserting that there must be a present impending

[Caldwell v. The State.]

peril to life or limb, or danger of great bodily harm, either real or so apparent as to create a bona fide belief of existing necessity, to entitle defendant to claim that he acted in self defense, is erroneous as placing the right of self defense when applied to assault and battery upon an unwarrantably high standard.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

A Jack Caldwell was convicted of assault and battery, with a weapon, and he appeals. Reversed and remanded.

The following charges were refused to the defendant: (5) "If the defendant cut Parsons under a bona fide belief that he was in impending danger to life or limb, and that he had under all the circumstances reasonable cause to believe that he was in imminent danger at the time the cutting was done, it would be immaterial whether there was such danger or not." (15) "The court charges the jury that proof of good character alone, when taken in connection with the other evidence in the case, may be sufficient ground upon which to base a reasonable doubt of the defendant's guilt, and justify his discharge."

The following charge was given at the instance of the state: (2) "The court charges the jury that the essential elements of self-defense are: First, the defendant must be free from fault, must not do or say anything for the purpose of provoking the difficulty, nor be unmindful of the consequences in this respect of any wrongful word or act; second, there must be a present, impending peril to life, or danger of great bodily harm, either real or so apparent as to create the bonafide belief of an existing necessity; and, third, there must be no convenient or reasonable mode of escape by retreat or by declining the combat."

ESTES, JONES & WELCH, for appellant.—The defendant may prove the pendency of a civil action in mitigation

[Caldwell v. The State.]

of the fine.—*State v. Autery,* 1 Stew. 399; *Phillips v. Kelly,* 29 Ala. 634. A witness may testify to facts attending his action explanatory thereof, and when it is sought by the opposing party with the expectation of eliciting from him the positive statement as to what he did a thing for, it should be admitted.—16 Cyc. 1130; 1 Mayf. 329; 3 Id. 466; 1 Greenl. 541. It is not ordinarily competent to prove the character of a defendant in a civil action or the complaining witness in assault and battery, or of a witness by testimony of specific acts, vices or instances of wrong doing.—*Hussey v. The State,* 87 Ala. 121; *Morgan v. The State,* 88 Ala. 223; *Andrews v. The State,* in MSS. In a criminal proceeding, the burden is never shifted from the state to the defendant.—1 Mayf. 212; 12 Cyc. 379 and 622. The court erred in refusing charge 15.—*Williams v. The State,* 52 Ala. 411; *Fields v. The State,* 47 Ala. 603; *Scott v. The State,* 133 Ala. 117. The court should have given charge 5.—*Hatch v. The State,* 40 South. 113.

ALEXANDER M. GARBER, Attorney General, for the State. It is proper to permit testimony of the seriousness of the wound.—*Simon v. The State,* 108 Ala. 27; *Rash v. The State,* 61 Ala. 80. It was within the discretion of the court to allow or not the question of the witness Parson in rebuttal.—*Braham v. The State,* 143 Ala. 28. Charges 1, 7, 8, 9, 10 and 18 ignore the elements of self-defense.—*Adams v. The State,* 133 Ala. 166. Charges 2 and 17 use the word, Promptly, and were properly refused.—*Way v. The State,* 46 South. 278. Charges 4 and 5 ignore the duty to retreat, and charges 6, 11 and 16 omits some of the elements of self-defense.—*Cotton v. The State,* 91 Ala. 106. Charge 15 was properly refused.—*Scott v. The State,* 133 Ala. 112.

McCLELLAN, J.—The conviction was of an assault and battery with a weapon. The court erred in disallowing proof, offered by defendant, that the victim of the assault was proceeding against defendant civilly for damages suffered in consequence of it. This testimony was admissible for consideration by the jury in mitigation of fine, if such was to be assessed in this prosecution.— *State v. Autrey,* 1 Stew. 399; *Phillips v. Kelly,* 29 Ala. 628, 634, 635.

The court erred in permitting the solicitor to examine the defendant in respect of difficulties he had previously had with named persons. These questions would have been permissible, if addressed to those of defendant's witnesses, who testified to defendant's reputation for peace and quiet, but not so when propounded to defendant.—*Andrews v. State,* 159 Ala. 14, 48 South 858.

That testimony having reference to defendant's abilities as a dancer had no possible bearing on the issues on the trial; and hence should have been disallowed on defendant's objection.

Charge 5, refused to defendant, should have been given. Its refusal was error.—*Kennedy's Case,* 140 Ala. 1, 8, 37 South. 90.

Charge 15, refused to defendant, was faulty in the use of the word "alone."—*Scott's Case,* 133 Ala. 112, 32 South. 623. Notwithstanding, the court gave, at the instance of defendant, a substantial duplicate of it.

Charge 2, given at the instance of the prosecution, undertaking to define "self-defense," would have been a good instruction, had the defendant been on trial for an unlawful killing or assault with intent to murder; but for such an offense as was here the subject of the indictment the second subdivision of charge 2 was inapt, and affected to unwarrantably raise the standard of right of defense by one so indicted.

Of the other very numerous asserted errors, relating to the admission and rejection of testimony and the giving or refusal of special charges for the state and defendant, respectively, it will suffice to say that, after full consideration, they are without merit.

For the errors above indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.