(99 South. 158)

## ALABAMA POWER CO. v. GOODWIN.
### (7 Div. 395.)

(Supreme Court of Alabama. Nov. 29, 1923. Rehearing Denied Jan. 31, 1924.)

**1. Carriers ⊜317(9)—Defendant not entitled to show that punitive damages were assessed in another suit based on same collision.**

In a passenger's action for injuries in which there was a count for wanton negligence, defendant cannot show, either as a defense to the wanton count or for the purpose of enlightening the jury in awarding punitive damages, that punitive damages were assessed in a suit by another passenger based upon the same alleged act of wanton negligence; the negligent act forming as many distinct and unrelated wrongs as there were individuals injured by it.

**2. Constitutional law ⊜106—Right of injured persons to punitive damages.**

Injured persons have no absolute or vested right to punitive damages, they being for punishment only and not for compensation; and such damages may be allowed or denied at the will of the Legislature.

**3. Trial ⊜121(2)—Argument intimating that motorman was ready to jump before collision not improper under evidence.**

In a passenger's action for injuries in a street car collision, where plaintiff testified that the motorman just before the collision was sitting with his face toward the side, remark of plaintiff's counsel in his argument that the motorman was looking to the side, and that that was a good place to jump, did not constitute reversible error, counsel ordinarily being permitted to draw inferences, especially as the argument was too remote and fanciful to have any real weight with the jury.

**4. Trial ⊜120(1)—Counsel must not state as facts matters not in evidence.**

Counsel must not state as facts matters which are not in evidence.

**5. Trial ⊜128—Argument of counsel relative to treatment of injured passenger after injury held improperly excluded.**

In a passenger's action for injuries in which there was a count for wanton negligence, the court erred in excluding the argument of defendant's counsel that in assessing punitive damages the jury should take into consideration that, all the time plaintiff was in the hospital, an agent or representative of defendant was in attendance upon her.

**6. Trial ⊜133(1)—Judge must not pass on logical propriety of argument to jury.**

The trial judge must not pass upon the logical propriety of arguments addressed to the jury, but must leave their effect to the determination of the jury themselves.

#### On Rehearing.

**7. Trial ⊜120(2)—Evidence held to sustain statement made in argument of defendant's counsel.**

In a passenger's action for injuries, evidence *held* to sustain a statement of defendant's counsel in argument that a representative or agent of defendant was in attendance on plaintiff during "all the time" she was in the hospital after the accident.

**8. Trial ⊜76—Illegal evidence should be seasonably objected to.**

If the evidence on which argument was based was illegal evidence, it should have been seasonably objected to and excluded.

**9. Trial ⊜207—Party entitled to instruction on evidence admitted for limited purpose.**

If evidence is admitted for a special or limited purpose, either party may ask an instruction that it cannot be considered for any other purpose than that for which it was admitted.

**10. Damages ⊜215(3) — Duty of the court when submitting the question of punitive damages.**

It is the duty of the judge in submitting the question of punitive damages to the jury to instruct them that in fixing the amount of such damages if awarded, they should consider the character of the wrong and necessity of preventing similar wrongs; and that such an amount should be imposed as the exigencies of the case require, not to exceed the amount claimed.

**11. Trial ⊜133(1)—Judge's refusal to exclude argument not an approbation thereof.**

The judge's refusal to exclude an argument made to the jury by counsel cannot be regarded as an approbation thereof, but only of counsel's right to make it, however illogical or absurd it may be.

Sayre and Thomas, JJ., dissenting.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action for damages by Dora Brindley Goodwin against the Alabama Power Company for personal injuries to plaintiff, a passenger, resulting from a street car collision. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

See, also, ante, p. 388, 98 South. 124.

Dortch, Allen & Dortch and O. R. Hood, all of Gadsden, for appellant.

As a defense to the wanton count, defendant should have been allowed to show that punitive damages had already been awarded against it in another suit growing out of the same collision. Meighan v. Birmingham Term. Co., 165 Ala. 591, 51 South. 775; 1 Sedgwick on Dam. 740. The argument of appellee's counsel to the effect that the motorman was selecting a place to jump, was not supported by the evidence, and was prejudicial to appellant. Wolffe v. Minnis, 74 Ala. 386; Ala. F. & I. Co. v. Williams, 207 Ala. 99, 91 South. 879 (brief 881); Anderson v. State, 209 Ala. 36, 95 South. 178; Edwards v. Earnest, 206 Ala. 1, 89 South. 731, 22 A. L. R. 1387. There was evidence, admitted without objection, supporting the argument of appellant's counsel excluded by the court, and such exclusion was error. Authorities supra;

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Cross v. State, 68 Ala. 476; B. Ry. & E. Co. v. Wildman, 119 Ala. 548, 24 South. 548; Hobbs v. State, 74 Ala. 41; Windham v. Newton, 200 Ala. 258, 76 South. 24; Reaves v. Maybank, 193 Ala. 626, 69 South. 137.

Goodhue & Lusk, of Gadsden, for appellee.

The duty of the carrier is to carry safely each passenger, and the case of each passenger must be considered separately. Any argument which fairly states inferences to be drawn from any fact proven in the case is a proper one. No ligitimate deduction that defendant was not liable for punitive damages, or affecting the amount thereof, could be drawn from the fact that during the time plaintiff was in the hospital defendant's agents sought to heal her injuries. Counsel should not be permitted in their agreement to use evidence admitted for one purpose for a purpose for which it was not admitted. 38 Cyc. 1494; Waldron v. Waldron, 156 U. S. 361, 15 Sup. Ct. 383, 39 L. Ed. 453; Williams v. Chapman, 7 Ga. 467; Burnham v. Stillings, 76 N. H. 122, 79 Atl. 987; Greenville O. & C. Co. v. Davenport (Tex. Civ. App.) 37 S. W. 624; Hanks v. Yellow Cab Co., 112 Kan. 92, 209 Pac. 977; Steen v. Neva, 37 N. D. 40, 163 N. W. 272; Thomas v. Posey, 15 Ala. App. 419, 73 South. 747; Providence Life Co. v. Black, 15 Ala. App. 437, 73 South. 757; 14 R. C. L. 791; 38 Cyc. 1756; Garlitz v. State, 71 Md. 293, 18 Atl. 39, 4 L. R. A. 601; Barber v. Brace, 3 Conn. 9, 8 Am. Dec. 149.

SOMERVILLE, J. One of the chief questions presented by the assignments of error is upon the refusal of the trial judge to allow the defendant to show,—either as a defense to the wanton count, or for the purpose of enlightening the jury in the exercise of their discretion in the matter of awarding punitive damages under the wanton count,— that punitive damages were assessed against this defendant in another suit by another passenger, based upon this same collision and this same alleged act of wanton negligence.

[1, 2] The theories upon which defendant offered this evidence are: (1) That it showed a status in the nature of a former conviction and punishment, and should therefore operate as a bar to any additional punishment; and (2) that it was logically relevant for the consideration of the jury in determining whether punitive damages should be assessed in this case, and also in fixing the amount of such damages, if any were to be assessed.

In principle, these contentions have already been decided adversely to defendant. Irby v. Wilde, 155 Ala. 388, 46 South. 454, citing, as in accord, Phillips v. Kelly, 29 Ala. 628. In these cases—actions for assault and battery—the question was raised by the defendant's offer to show, in mitigation of punitive damages, that he had been convicted and fined in a criminal prosecution for the same offense. In 1 Suth. on Damages (4th Ed.) 467, the rule is stated in accord with Irby v. Wilde, supra. So far as the underlying principle is concerned, it can make no difference whether the previous punishment offered in mitigation was by way of a fine in a criminal proceeding, or of punitive damages in a civil case.

The decisions on this question, it may be noted, are not in harmony, and seem to be nearly evenly divided in number and authority—a conflict which may be referable, in part at least, to divergent theories of the nature and purpose of punitive damages in civil cases. Both lines of cases are cited in 17 Corp. Jur. 982, notes 61 and 62.

The reason for the rule of exclusion is said to be that—

"The judgment for the criminal offense is for the wrong done to the public; the judgment for the tort, including the punitive damages, is for the offense against the private sufferer." Hoadley v. Watson, 45 Vt. 289, 12 Am. Rep. 197; 17 Corp. Jur. 982, col. 2.

Counsel call attention to the supposedly inconsistent doctrine laid down by this court in State v. Autery, 1 Stew. 399, followed in Caldwell v. State, 160 Ala. 96, 49 South. 679, that in a criminal prosecution for assault and battery the defendant may show even the pendency of a civil suit for damages for the same offense. This criticism is plausible, but specious only.

It is true that our decisions have uniformly declared that injured persons have no absolute or vested right to punitive damages; that they are for punishment only, and not for compensation; and that such damages may be allowed or denied at the will of the Legislature. A. G. S. R. R. Co. v. Sellers, 93 Ala. 9, 15, 9 South. 375, 30 Am. St. Rep. 17; Coleman v. Pepper, 159 Ala. 310, 49 South. 310; W. U. T. Co. v. Westmoreland, 151 Ala. 319, 325, 44 South. 382; Meighan v. Bham. Term. Co., 165 Ala. 591, 51 South. 775. Nevertheless, when the law allows punitive damages to be assessed in civil cases in favor of the injured plaintiff, these damages lose their purely penal character and become an individual civil liability to the plaintiff, as an incident to the individual wrong done to him.

The vice of appellant's contention, as it seems to us, lies in the assumption that a single act of wanton negligence, which simultaneously injures a number of individuals, is a single wrong. So far as punishment by a criminal prosecution is concerned, it would be but a single crime, and punishable but once. Hurst v. State, 86 Ala. 604, 6 South. 120, 11 Am. St. Rep. 79; Gunter v. State, 111 Ala. 23, 26, 20 South. 632, 56 Am. St. Rep. 17. But in its civil aspects the single act or omission forms as many distinct and unrelat-

ed wrongs as there are individuals injured by it. Southern Steel Co. v. Hopkins, 174 Ala. 465, 472, 473, 57 South. 11, 40 L. R. A. (N. S.) 464, Ann. Cas. 1914B, 692.

From the standpoint of purely logical relevancy, it may be conceded that the previous assessment of punitive damages, in other cases against the defendant for injuries resulting from the same wanton act, has some relation to the policy of an additional assessment of such damages for punishment in the case on trial.

But there are practical as well as technical objections which, we are constrained to think, commend the rule of exclusion as the better rule. It would be an unfortunate and inconvenient confusion of issues to inject into one case the question of whether punitive damages have been actually assessed in another or other cases; and, even if the fact could be conveniently and certainly established, there would be no way to inform the jury as to how much of the damages assessed in other cases was punitive merely.

Upon these considerations and authorities we hold that the trial court did not err in the exclusion of the evidence offered by defendant in this behalf.

[3, 4] Plaintiff testified that she was observing the motorman just before the collision, and that—

"He was sitting with his face towards the right, the side with the door. He continued in this position until he saw the car, the freight car [collision with which injured plaintiff and other passengers]."

In his closing argument to the jury, plaintiff's counsel, speaking of the motorman's conduct said:

"The last time he was seen before the accident, he was looking to the side, and you know that that is a mighty good place to jump."

Defendant's objection to this statement was overruled, and it is strenuously insisted that this was reversible error.

The implication intended by the quoted statement undoubtedly was that the motorman, conscious of the fact that he was operating the car with a reckless disregard of the danger of collision, had in mind the conservation of his own safety, in case of such an accident, by seasonably jumping from the car through the door, on the side mentioned by the witness.

Counsel must not state as facts matters which are not in evidence—a rule often declared and applied by this and other courts. Cross v. State, 68 Ala. 476; Wolffe v. Minnis, 74 Ala. 386; B. R. L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; B. R. L. & P. Co. v. Gonzalez, 183 Ala. 273, 283, 61 South. 80, Ann. Cas. 1916A, 543; and many other cases.

But where the statement objected to is a mere argument or inference from a fact which is in evidence, and is fairly pertinent to the issue, courts are averse to interference "except in cases of flagrant and clearly prejudicial abuse." B. R. L. & P. Co. v. Gonzalez, supra. As observed in Cross v. State, 68 Ala. 476, 483:

"The presiding judge, as a rule, will best determine when discussion is legitimate, and when it degenerates into abuse and undue license. While he should not permit wanton abuse of adversary or witness, he would occupy questionable ground, if he arrested counsel in his attempt to educe inferential facts or intents from testimony in proof. Argument is but an aid to the jury, to enable that body to arrive at correct conclusions; and it would be dangerous to accord to the presiding judge the right and power to intervene, and declare authoritatively when an inference of counsel is or is not legitimately drawn. This is for the jury to determine, if there be any testimony on which to base it."

See. also, Hobbs v. State, 74 Ala. 39, 41, to the same effect. Pertinent illustrations will be found in B. R. & E. Co. v. James, 121 Ala. 120, 25 South. 847; L. & N. R. R. Co. v. Perkins, 165 Ala. 471, 51 South. 870, 21 Ann. Cas. 1073; Green & Sons v. Lineville Drug Co., 167 Ala. 372, 52 South. 433.

We express our conclusion in the language of this court in the case of Motes v. Bates, 74 Ala. 374, 377:

"We see nothing in the discussion of counsel in this cause, which we can safely say is so obnoxious to criticism as to be violative of these principles [referring to Cross v. State, 68 Ala. 481], the enforcement of which must necessarily be regulated, very largely, by the sound discretion and good judgment of the nisi prius court. It is not contended that counsel has gone out of the record, so far as to state as facts matters not in evidence. The most that can be said is, that he has taken great latitude in deducing questionable inferences from facts already in evidence. We cannot perceive that he has, in doing this, infringed any rule of law, which will authorize a reversal of the cause."

And it may be added in this case that, although the argument or inference in question, whichever it might be called, was pertinent to the issue of wanton negligence, it was too fanciful and remote to have had any real weight with the jury—especially in view of the fact that there is nothing in the evidence to even suggest that the motorman abandoned his post of duty when he discovered that collision was unavoidable. We do not think the jury could have been affected to any material extent by the statement in question.

[5] Another assignment of error is based on the trial judge's exclusion from the jury of this argument of defendant's counsel, viz:

"Gentlemen of the jury, in determining whether any punitive damages should be assessed against this defendant or not, and the amount thereof, you should consider the fact that during all the time plaintiff was in the hospital in Gadsden and Birmingham a representative

or agent of the defendant was in attendance upon her and sought to heal her injuries and mitigate her suffering."

The statement quoted should not be taken too literally as an affirmance that during every day of plaintiff's stay at the hospitals referred to, defendant's representative, a nurse or a physician, was in attendance upon her. We think that the assumption of facts in the quoted statement of counsel is fairly and sufficiently supported by the testimony. On the basis of those facts, we can see no sound and sufficient reason for the exclusion of the argument made to the jury that in the exercise of their discretion—whether as to the assessment of punitive damages, or the amount to be awarded—they should consider the acts of defendant for the mitigation of plaintiff's suffering and for the healing of her injuries.

It is to be conceded, of course, that such considerations would not be competent for rebutting the implication of malice or wantonness as a factor in the motorman's negligent conduct. But, with respect to the discretion which the jury is called upon to exercise in every case of wanton injury, such matters, when shown by the evidence, are, it clearly seems to us, legitimate subjects of comment by counsel for the defendant in appealing to the jury upon that aspect of the case.

As an instruction to the jury by the trial judge, such a statement would certainly be indefensible; but as an argument by counsel to influence the purely discretionary action of the jury, we think it was permissible and proper, and that its exclusion was erroneous and probably prejudicial.

[6] Counsel for appellee has presented in brief an able and persuasive argument, supported by apt authorities, in vindication of his own right to make any decent and pertinent argument he chose to make, upon facts which are in evidence, and we have ruled in favor of his contention. That argument and those authorities are as pertinent and as persuasive here as they were there, and must produce the same result. The trial judge must not pass upon the logical propriety of arguments addressed to the jury, but must leave their effect to the determination of the jury themselves. Any other course would be destructive of the rights and functions of free advocacy, as emphatically declared by this court in the cases cited above.

For the error noted, the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

On Rehearing.

SOMERVILLE, J. In their brief on application for rehearing, counsel for appellee have presented an earnest and spirited criticism of our ruling for reversal of the judgment, which has had our careful and thorough consideration. We wish to notice some of the principal grounds of complaint.

[7] 1. It is strenuously insisted that the excluded argument of defendant's counsel was not based on the evidence, in that it included the assumption that a representative or agent of the defendant was in attendance upon her "during all the time the plaintiff was in the hospital in Gadsden and Birmingham." This insistence is fully refuted by a simple reference to the testimony: On direct examination plaintiff stated that she was in bed every day for eight months following her injury, and that she had a special trained nurse all of the time. On cross-examination she testified:

"I think I was there just fourteen days when I just had the attention from the hospital nurses. * * * All the rest of the time the company had a special nurse for me and kept that nurse with me all the time."

Dr. Guice, the defendant's local surgeon at Gadsden, testified:

"During the time she [plaintiff] was in the Gadsden General Hospital I saw her anywhere from two to five and six times a day, during that entire time."

Dr. Benedict, the defendant's chief surgeon, resident at Birmingham, went to Gadsden and assisted in the operation on plaintiff. He testified:

"She went to Birmingham to St. Vincent's Hospital, and was there about six months. * * * I visited her during that time every day, approximately every day; I may have missed some."

Plaintiff testified also that Drs. Benedict, Morgan, and Guice were the defendant company's doctors; and that—

"Dr. Benedict attended me while I was in the hospital in Birmingham; sometimes he would call in other doctors."

We do not think that impartial minds can differ upon the conclusion that this testimony fairly and fully supported the statement of defendant's counsel as to the character and extent of the attendance upon plaintiff by the defendant's surgeons and nurses.

2. In their original brief, in support of their own permitted argument, counsel for plaintiff cited the following as a correct statement of the rule regulating argument:

"It is an advocate's privilege to make such deductions as he may think the evidence justifies, and he is allowed a wide latitude in that respect so long as he keeps to a discussion of the issues and evidence. He is entitled to draw his own conclusions from the testimony on the trial, and to state his view of the facts testified to by the witnesses without incurring the charge of misstating the facts. * * * If counsel in argument to the jury should draw illogical, unreasonable, or even absurd deductions from the

evidence, the remedy is not interference by the court, but exposure and answer from opposing counsel." Shawnee v. Sparks, L. A. 1918D, 29.

But in defending the court's exclusion of the argument of defendant's counsel, the brief writer summarized as follows:

"Such an argument was not a proper argument. No legitimate deduction that the defendant was not liable for punitive damages; no legitimate deduction that could affect the amount of these damages could be drawn from the fact [stated in the argument]."

Manifestly, this criticism does not comport with the authority elsewhere approved by counsel.

[8-11] 3. We have examined the decisions cited and reviewed by counsel. Most, if not all, of them are cases where the evidence which formed the basis of the argument in question was either not before the jury at all, or else was admitted for an expressly limited purpose. In such cases there can be no difference of opinion as to the propriety of excluding the argument. See, especially, Waldron v. Waldron, 156 U. S. 361, 15 Sup. Ct. 383, 39 L. Ed. 453, and Hanks v. Yellow Cab, etc., Co., 112 Kan. 92, 209 Pac. 977.

To the numerous examples suggested by counsel in illustration of the error of permitting such an argument, it is a sufficient answer, we think, to say that if the evidence involved in the argument is illegal evidence it should have been seasonably objected to and excluded. If admitted for a special and limited purpose only, either party may ask, and is entitled to ask, an instruction that it cannot be considered for any other purpose than that for which it was admitted.

But the evidence here involved was offered and admitted generally, and without limitation of any kind.

In B. R. & E. Co. v. Wildman, 119 Ala. 547, 552, 24 South. 548, 550, it was said, per Brickell, C. J.:

"Testimony tending to show the fact that no notice of or information concerning plaintiff's accident was given to defendant or any of its representatives previously to the institution of this suit. and that the first intimation had by defendant that plaintiff claimed to have been injured was when the summons and complaint were served, was offered by defendant and received without objection. Parties have an undoubted right to try their case on illegal evidence, if they so desire, and if illegal evidence is admitted without objection, it is the right and duty of the jury to give it such consideration as it would be entitled to if legal evidence; and it is also the right and duty of counsel in argument to aid the jury in determining the weight and effect it should have. During his argument of the case, defendant's counsel stated to the jury that 'in determining the bona fides of plaintiff's claim that he was hurt in the manner testified to by him, the jury could and should look to and consider that he never at any time before he brought this suit, gave the defendant any notice or information of his alleged claim that he had been hurt.' To this part of the argument an objection by plaintiff was sustained, and the trial court stated to the jury that the argument was improper and should not be considered by the jury. In this the court erred, since its ruling was an invasion of the province of the jury, and, in effect, an instruction to the jury that they could give no consideration to a part of the evidence in the case which had been admitted generally and without limitation of any kind. It is distinctly the province of 'the jury to consider each part of the evidence, to weigh it in connection with all the other evidence, and to draw from it such inferences, and give it such weight in determining their verdict, as they may think it is entitled to; and it is clearly the right and duty of counsel to comment on such testimony, to state the inferences he may think arise from it, and to aid the jury in this manner in arriving at a correct conclusion. Any invasion by the court of these respective rights of jury and counsel is unwarranted, and constitutes reversible error. Cross v. State, 68 Ala. 482; Hobbs v. State, 74 Ala. 41."

We think this is a correct statement of the law in such cases, and that it answers all of the apprehensions and objections presented by counsel.

The error of counsel's conception of the case is found in this contention made in the brief, viz.:

"It certainly cannot be the law that counsel can be permitted to suggest to the jury that it consider a combination of facts in evidence for a purpose and in a manner which the court cannot and would not instruct them that they should consider the same."

This confuses the functions of court and counsel. Counsel may discuss the evidence, draw inferences, make appeals, and urge conclusions, in ways entirely forbidden to the judge. Certainly, the trial judge could not have properly instructed the jury either to consider or to disregard the evidence referred to by defendant's counsel in the statement in question, in their consideration of punitive damages; for, in either case such an instruction would be a clear invasion of the province of the jury, and an attempt to guide them in the exercise of their discretion. It is, of course, the judge's duty, in submitting the question of punitive damages to the jury, to instruct them that in fixing the amount of such damages, if awarded, they should consider the character of the wrong and the necessity of preventing similar wrongs; and that such an amount should be imposed as the exigencies of the case required, not to exceed the amount claimed. Coleman v. Pepper, 159 Ala. 310, 49 South. 310. But we are not aware of any precedent for the practice of excluding from the jury's consideration, upon that aspect of the case, any fact or facts legitimately before them as general evidence in the case. Nor can the judge's refusal to exclude an argument made to the jury by counsel be regarded as an approbation of the argument, but only

of counsel's right to make it, however illogical or even absurd it may appear to be.

4. It is now insisted that the statement in question was not an argument, but must be regarded and treated as an attempt by counsel to instruct the jury that they should consider the facts referred to as a matter of legal duty. This theory is too obviously without merit to require argumentative negation.

The application for rehearing will be overruled.

ANDERSON, C. J., and GARDNER, MILLER, and BOULDIN, JJ., concur.

SAYRE and THOMAS, JJ., dissent.