100 So.2d 739

**Arthur MORRISON**

v.

**STATE.**

8 Div. 15.

Court of Appeals of Alabama.

April 23, 1957.

Rehearing Denied May 14, 1957.

Affirmed on Mandate Sept. 20, 1957.

Rehearing Denied Oct. 22, 1957.

J. A. Lee and John B. Tally, Scottsboro, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for State.

from the boy. The car struck the boy, and its hood flew up, and the boy was knocked into the air.

According to other witnesses the boy was picked up some 177 feet from the indicated point of impact, which was some five feet from the center line of the highway. Skid marks from the point of impact ran some 122 feet.

The appellant's car, after the collision, went some 285 feet, and struck a concrete post.

No other vehicles were passing, or approaching appellant's car at the time it collided with the Austin boy, and the road was straight for some distance in each direction.

HARWOOD, Presiding Judge.

This appellant's jury trial on an indictment charging manslaughter in the first degree resulted in a verdict of guilty of manslaughter in the second degree, the jury fixing punishment at 12 months hard labor for the county, and a fine of $250. Judgment was entered pursuant to the verdict, and appellant's motion for a new trial being overruled, an appeal was perfected to this court.

The evidence presented by the State tended to show that Richard Barry Austin, a boy ten years of age, was struck by an automobile driven by the appellant. Young Austin was riding a bicycle at the time, and appellant's car approached from the rear.

Harold Dean Westmoreland, a witness for the State, testified he was standing on the porch of a house 60 or 70 yards from the scene of the accident. He heard an automobile horn blow, and saw young Austin on his bicycle, and he believed he was off the pavement. At the sound of the horn the boy looked back, and his bicycle cut toward the center of the highway.

In this witness' judgment the car was travelling at a rate of 70 miles per hour when he first saw it only a short distance

We think it clear the evidence presented by the State was sufficient in its tendencies to support the verdict and judgment, and the court did not err in denying appellant's request for the affirmative charge, nor in overruling his motion for a new trial on the grounds questioning the sufficiency of the evidence.

It appears from the record however that during the examination of Mr. D. W. Austin, the father of the victim of this accident, the court, over the State's objection, permitted him to testify that he had instituted a civil action against this appellant.

After some colloquy between respective counsel and the court, during which the jury was sent out, the record shows the following:

"(The jury retired to the Jury Room)

"Mr. Tally: The defendant offers to show that a civil action was filed for damages, under a homicide statute, of which it is punitive in nature, in the nature of punishment. The fact that such a proceeding has been instituted and judgment by agreement rendered, would be admissible in this case to show the Jury that punishment of this

defendant has already been made to some extent.

"Mr. Campbell: We object to that.

"The Court: I sustain the objections to that unless you can show me some authorities, and I sustain the objection to the question asked, and give you an exception."

*   *   *   *   *   *

"(The Jury returned to the jury box, and the following proceedings were had).

"Q. (Mr. Tally) I will ask you further, Mr. Austin, in that civil action, if the action has not been settled?

"The Court: Mr. Tally, I passed on that. That is the reason I let the Jury go out.

"Mr. Tally: As I understood it, it was on the proposition of the question about Mr. Campbell.

"The Court: Let the Jury go out again.

"(The Jury retired again to the Jury Room)

"The Court: I sustained the objections to that, unless you could show me some authorities. Is there anything else about that particular matter that you want to call to the attention of the Court.

"Mr. Tally: We except.

"The Court: Let the Jury come back in."

In the early case of State v. Autery and Autery, 1 Stew. 399, a prosecution for assault and battery, our Supreme Court held to be reversible error the action of the trial court in charging the jury that they should not regard the pendency of a civil suit for the same assault in assessing punishment.

In the course of the opinion the court stated:

"In England and in most of the States, the jury have nothing to do in criminal cases but to pass on the guilt of the accused. The Courts are to pronounce the punishment annexed by law, and almost universally they have a discretion as to the extent of the imprisonment, or amount of fine. Where this is the case, it is considered both usual and legal for the Courts to hear mitigating circumstances to qualify and direct the exercise of their discretion. If then, it be right for the Courts having this discretion, to hear all that might aid them in the proper use of it, I cannot conceive why juries, who in this State are confided with the same discretion, should be excluded from the same privilege.

*   *   *   *   *   *

"So if he had or was likely to suffer in another way, as the legal consequence of the same offence, I cannot perceive why the jury should not know and consider of that fact in ascertaining the portion of punishment necessary to be superadded to effect his reformation. Surely a recovery, or the probability of a recovery, in a civil suit for the same offence, must have some effect in reclaiming him; and if so, it ought to be taken into the estimate. The case cited from 13 Johnson (People v. Judges of General Sessions of the Peace of Genessee County, 13 Johns.N.Y. 85), certainly shews that such a recovery would be considered by the Courts in that State, in the exercise of the same control over the fine which the juries have in this. In principle then, it goes far to sustain the doctrine contended for, unless a greater difference could be shown than has been between a jury and a court similarly situated. But it is said that though a recovery in a civil action might, yet that the pendency of such action ought not to be given in evidence, because the result is not ascertained. This only shews that it would not be as satis-

factory and certain evidence, but not that it should be entirely excluded as worthless or dangerous."

In Phillips v. Kelly, 29 Ala. 628, an action for trespass vi et armis, we find the following statement:

"On the trial of an indictment for assault and battery, the defendant may prove even the pendency of a civil action against him for the same assault, in mitigation of the fine—State v. Autery, 1 Stew. 399. But in a civil action for assault and battery, the defendant has no right to prove that he had been indicted, convicted and fined for the same assault and battery. 3 Phil.Ev. (Edition of 1839) 850."

In Caldwell v. State, 160 Ala. 96, 49 So. 679, 680, the point now before us was again considered, and McClellan, J., wrote:

"The conviction was of an assault and battery with a weapon. The court erred in disallowing proof, offered by the defendant, that the victim of the assault was proceeding against defendant civilly for damages suffered in consequence of it. This testimony was admissible for consideration by the jury in mitigation of fine, if such was to be assessed in this prosecution. State v. Autery, 1 Stew. 399; Phillips v. Kelly, 29 Ala. 628, 634, 635."

Alabama Power Company v. Goodwin, 210 Ala. 657, 99 So. 158, 159, was an action for damages for personal injuries resulting from a collision between appellant's street car and a train, in which several passengers on the street car were injured.

The lower court had refused to permit the defendant to show that punitive damages had been assessed against the defendant in another suit by another passenger based upon the same alleged act of wanton negligence.

The Supreme Court held that such evidence had been properly excluded, for the reason that it could make no difference whether the previous punishment offered by way of mitigation was by fine in a criminal proceeding, or of punitive damages in a civil case.

In the course of its opinion the court observed:

"Counsel call attention to the supposedly inconsistent doctrine laid down by this court in State v. Autery, 1 Stew. 399, followed in Caldwell v. State, 160 Ala. 96, 49 So. 679, that in a criminal prosecution for assault and battery the defendant may show even the pendency of a civil suit for damages for the same offense. *This criticism is plausible, but specious only.* [Italics ours.]

\*    \*    \*    \*    \*    \*

"The vice of appellant's contention, as it seems to us, lies in the assumption that a single act of wanton negligence, which simultaneously injures a number of individuals, is a single wrong. So far as punishment by a criminal prosecution is concerned, it would be but a single crime, and punishable but once. Hurst v. State, 86 Ala. 604, 6 So. 120, 11 Am.St.Rep. 79; Gunter v. State, 111 Ala. 23, 26, 20 So. 632, 56 Am.St.Rep. 17. But in its civil aspects the single act or omission forms as many distinct and unrelated wrongs as there are individuals injured by it. Southern Steel Co. v. Hopkins, 174 Ala. 465, 472, 473, 57 So. 11, 40 L.R.A., N.S., 464, Ann.Cas.1914B, 692."

The above, we think, must be treated by us as a reaffirmation by our Supreme Court of the doctrine of the Autery and Caldwell cases, supra.

The court further observed that from the standpoint of purely logical relevancy, it might be conceded that the previous assessment of punitive damages, in other cases against a defendant for injuries resulting from the same wanton act, would

have some relation to the policy of an additional assessment of such damages for punishment in another case, yet there were objections to such a rule, which the court set forth as follows:

"But there are practical as well as technical objections which, we are constrained to think, commend the rule of exclusion as the better rule. It would be an unfortunate and inconvenient confusion of issues to inject into one case the question of whether punitive damages have been actually assessed in another or other cases; and, even if the fact could be conveniently and certainly established, there would be no way to inform the jury as to how much of the damages assessed in other cases was punitive merely.

"Upon these considerations and authorities we hold that the trial court did not err in the exclusion of the evidence offered by defendant in this behalf."

It would appear that these objections are as equally applicable and compelling in causing the rejection of such evidence in a criminal prosecution, though in the present case we of course know that the recovery being under our homicide statute, the damages must be considered as punitive in nature.

Another vice of the doctrine of the Autery and Caldwell cases is that the mitigation of punishment in the criminal prosecution tends to be controlled by the amount the defendant may pay in settlement of his civil liability, a proceeding entirely between private individuals, and one in which the State has no interest. Logically, the larger the settlement, the greater should be the mitigation of the criminal punishment. Criminal punishment should fit the accused's wrongdoing, and not be affected by the criminal's ability to settle his civil responsibility.

Regardless, we think the doctrine of the Autery and Caldwell cases, supra, is clear.

Despite our doubts as to the soundness of such doctrine, we are nevertheless bound by it. Section 95, Title 13, Code of Alabama 1940. This doctrine in our opinion necessitates a reversal of this judgment.

Reversed and Remanded.

### After Remandment.

■ In our original opinion we did not write to the action of the trial court in refusing a number of charges requested in writing by the appellant. This for the reason that we reluctantly concluded that this judgment would have to be reversed because of the doctrine enunciated in two early Supreme Court cases discussed in our original opinion, and in the Supreme Court opinion on certiorari.

We examined these charges on our original consideration of this appeal, and have reexamined them upon the reversal and remandment of our judgment.

All of such charges were refused without error in that they were either affirmative in nature, and properly refused under the developed evidence, or were abstract under the verdict rendered, or under the evidence; or were misleading, or argumentative.

No other matters affecting this appeal appear to have occurred in the trial below.

Therefore, on the authority of Morrison v. State of Alabama, Ala., 100 So.2d 744, this cause is due to be affirmed, and it is so ordered.

Affirmed.